No. 19,567.

H. BROOKS, *Appellant*, v. THE CENTRAL COAL & COKE COMPANY, *Appellee.*

### SYLLABUS BY THE COURT.

1. PERSONAL INJURIES—*Workman in Coal Mine—Failure to Inspect—No Actionable Negligence of Mine Operator.* It is not negligence on the part of the operator of a coal mine to fail to inspect a room in a mine after shots have been fired, to discover defects in the roof and displaced props caused by the explosion of the shots.

2. SAME—*"Reasonably Safe Place to Work."* The rule that an employer· must furnish his employee a reasonably safe place in which to work does not apply where the employee furnishes his own place, or where the place is continually changing by reason of the work itself.

Appeal from Cherokee district court; EDWARD E. SAPP, judge. Opinion filed November 6, 1915. Affirmed.

*R. J. W. Bloom,* and *C. A. McNeill,* both of Columbus, for the appellant.

*J. J. Campbell,* of Pittsburg, and *Al F. Williams,* of Columbus, for the appellee; *C. O. Pingry,* of Pittsburg, of counsel.

The opinion of the court was delivered by

MARSHALL, J.: This action is brought to recover damages for personal injuries sustained by the plaintiff while working in a coal mine. A demurrer was sustained to the plaintiff's petition. He appeals.

We quote from the defendant's brief:

"The allegations of the negligence of the Coal Company are in substance that Brooks, the appellant, who was working in a room in Mine No. 42 of the Coal Company, the appellee, left his room securely propped and timbered and in a reasonably safe condition on the evening of May 19, 1913, and that by reason of the firing of the shots which Brooks had put in the face of the coal in his room, the props were knocked down, and that when Brooks resumed work in his room the next morning, while attempting to replace the first prop he found misplaced, the roof of the room fell and injured him; that the negligence of the Coal Company consisted in not inspecting Brooks' room after the shots were fired, and in not setting up the props which had been knocked down by reason of the explosion of the shots, and in not providing Brooks a reasonably safe place in which to work. The appellee at the time of the injury complained

of was not within the provisions of the Workman's Compensation Act of Kansas."

It is argued that the petition does not charge any act of negligence, and it is contended that the operator of a coal mine, not operated under the workman's compensation act (Laws 1911, ch. 218), must be guilty of some act of negligence before he can be held liable for any injury to an employee.

1. We will discuss the acts of negligence charged in the order above set out. Was the defendant negligent in not inspecting the mine after the shots were fired? The plaintiff placed these shots. It was the defendant's duty to furnish a man to fire the shots. This the defendant did. The shots were fired. The roof was damaged and the props knocked down by the explosion of those shots. This was in the plaintiff's room, at the place where he was working. The plaintiff was the first man to enter the room after the shots were fired. It was his duty to inspect his room at the place at which he was working, for the purpose of discovering anything that might be dangerous. He could discover this as quickly, or more quickly, than any other person. He left his room with its props in proper and safe condition. When he returned he found them down. He should have then inspected the roof of his room to ascertain its condition. If he found it defective, he must have acted accordingly. While attempting to reset the props he was injured. We are of the opinion that it was not necessary for the defendant to inspect the plaintiff's room after the shots were fired, before he returned to his work.

What has been said concerning the defendant's duty to inspect may likewise be said of its duty to replace the props after they had been knocked down by the explosion of the shots. It was not necessary that any specified time intervene between the firing of the shots and the return of the plaintiff to his work. He could go back to his work as soon as the smoke and gases caused by the explosion escaped from the mine. He would be the first man to discover that the props placed by him were down.

What we have said must of necessity refer to the plaintiff's room at the place in which he was working, and not to that portion of the room that had been completed and abandoned by him.

2. The last allegation of negligence is that the defendant did not provide the plaintiff a reasonably safe place in which to work. The rule that an employer must furnish an employee a reasonably safe place in which to work does not apply where the employee furnishes his own place, or where the place is continually changing by reason of the work itself. As the plaintiff removed the coal from his room he made a place in which he would work after that coal was removed. He was continually changing the place by reason of the work he was doing. He removed the coal as he went forward and put in props to support the roof. The rule is clearly stated in a note to *Wellston Coal Company v. Smith*, 65 Ohio St. 70, 61 N. E. 143, 87 Am. St. Rep. 547, as follows:

"This rule that the mine owner is bound to use all reasonable care to render safe the place furnished by him to his employes is applicable only when the place in which the latter are at work is such that it can be said to be a place 'furnished' by the mine owner. When, therefore, the employes are engaged in making their own place, the rule does not apply. Where, for instance, miners are engaged in cutting down or blasting out the face of a drift, it would be entirely unreasonable to demand of the owner that immediately after each blast he makes safe the place which the explosion has created. In such case the miners may with reason be said to be furnishing their own place. The character of the place is continually changing by reason of the work itself. It is, therefore, uniformly held that as to those places which the employe in the progress of his work furnishes for himself, it is his duty, and not that of his employer, to use reasonable care to render them safe for the further prosecution of the work." (p. 566.)

In 98 S. W. 141 we find the following headnote to *Rolla v. McAlester Coal Co.*, 6 Ind. Ter. 404:

"Where a miner stood in the main slope of a mine while turning a room off from it, the portion of the slope occupied by him was his working place, in the sense that he was required to keep it safe from falling rock, loosened by his own efforts in turning the room, and the master was not liable for injury from such cause."

We are of the opinion that the petition did not state a cause of action, and for that reason the judgment is affirmed.