No. 25,435.

HANNAH RAMAGE, *Appellee,* v. THE ELLSWORTH COAL COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

MASTER AND SERVANT—*Injury from Falling Stone in Coal Mine—Unsafe Place to Work—Negligence of Employer.* A workman laying track for a steam shovel in a strip pit coal mine was injured by a stone, which had been loosened by the steam shovel but not removed, falling from the high-wall near the water can to which he went for a drink. The wall could have been inspected and the loosened stone removed with little trouble and expense. Where the injury occurred the wall was not constantly changing as the work progressed but had been made several days before. *Held,* that a judgment for damages resulting from the injury predicated upon the negligence of the employer in not furnishing the workman a safe place in which to work will not be disturbed.

Appeal from Crawford district court, division No. 1; DANIEL H. WOOLLEY. judge. Opinion filed October 11, 1924. Affirmed.

*J. J. Campbell, P. E. Nulton,* both of Pittsburg, and *A. H. Seddon,* of Kansas City, Mo., for the appellant.

*Phil Callery, J. E. Callery, S. N. Bruner,* all of Pittsburg, and *Caroline A. Lowe,* of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

HARVEY, J.: In this action the plaintiff recovered damages for the wrongful death of her husband and the defendant has appealed. The facts out of which the controversy arose are as follows: Plaintiff's husband, William Ramage, was in the employ of the defendant as a track layer for a steam shovel used in a strip pit coal mine. The steam shovel was operated on tracks laid on the stratum of coal at the bottom of the pit, which was about sixty feet wide and as long as the parties desired to make it. Where they were working the stratum of coal was covered with about twenty feet of soil, clay, soapstone, and some stone. The shovel was operated by steam and was loaded by taking the dirt, clay, etc., from one side of the pit and it was

then swung around and emptied on the other. On the side from which the dirt, clay, etc., was taken, was left a wall, almost perpendicular, from the stratum of coal to the surface and known as the high-wall. Drinking water for the track layers was furnished by the defendant in a milk can, which was set on the bottom of the pit near the high-wall. Ramage and another workman went over to this can to get a drink of water, and while standing near the can two stones, one weighing about fifteen pounds and the other about twenty-five, which had been loosened but not removed by the steam shovel, fell from the high-wall. One of the stones struck Ramage and caused injuries which resulted in his death. The injured employee had been a track layer and otherwise employed in a strip pit for five or six years. It had never been the practice of defendant to make inspection of the high-wall for loosened stones and to remove them after the steam shovel had made the wall, though there was evidence tending to show that such inspection and the removal of loose stones could be done with comparatively little trouble and expense.

The action is predicated on the negligence of defendant in not furnishing plaintiff's husband a reasonably safe place in which to work. The facts as above stated are not seriously disputed. The defendant contends that the facts do not show any negligence on the part of the defendant; that it was not customary nor practical to inspect the high-wall after it was made by the steam shovel, and that there were no cracks in the wall or anything in its appearance that would cause any officer, agent or employee of defendant to think it dangerous or to require special inspection. The fact that it was not customary for defendant to inspect the high-walls in strip pits after they were made by the steam shovel does not mean much in this case, for it is possible that defendant was customarily negligent in that respect and, if so, that would not be a defense. There is evidence that it was practical and comparatively inexpensive to inspect the high-wall and remove loosened stone therefrom. The fact that the defect in the wall was not discernible by ordinary observation relieves the workman of any charge of contributory negligence.

Appellant seeks to apply the principle announced in *Brooks v. Coal & Coke Co.,* 96 Kan. 530, 152 Pac. 616, where it was said:

"The rule that an employer must furnish his employee a reasonably safe place in which to work does not apply where the employee furnishes his own

place, or where the place is continually changing by reason of the work itself." (Syl. ¶ 2; allied cases are collected in the notes, 19 L. R. A., n. s., 340-369.)

But this rule has no application here. Ramage did not make this high-wall; it was made by the steam shovel. Neither was it a wall that was constantly changing as the work progressed. The part of the wall where the rock fell which injured Ramage was sixty feet or more back of the shovel, and had been made several days before. It was designed to have permanency enough for men to work along the base of it in removing the stratum of coal some days or weeks later. The water can having been placed near this wall by defendant, which wall could have been inspected at that place with little trouble and expense, there being no danger from a casual observation, the workman was justified in going to the water can for a drink of water. We cannot say as a matter of law that defendant was not negligent in failing to inspect the wall and remove the loosened stone near where the water can was placed.

The judgment of the court below will be affirmed.