Stitt v. Buist.

---

No. 23,714.

J. J. STITT, *Appellant,* v. F. J. BUIST et al., *Appellees.*

### SYLLABUS BY THE COURT.

REAL-ESTATE AGENT—*Contract for Commissions—No Commissions Earned.* In an action for a real-estate agent's commission, the petition alleged employment to sell, and a sale. The terms of the agent's authority were that he should contract a sale on specified terms, which included a cash deposit of 25 per cent of the purchase price with the contract. No contract was concluded, no cash deposit was secured, and the negotiations did not result in a sale. *Held,* the agent was properly denied a commission on the theory he procured a purchaser ready, able, and willing to buy.

Appeal from Mitchell district court; WILLIAM R. MITCHELL, judge. Opinion filed May 6, 1922. Affirmed.

*R. M. Anderson,* of Beloit, for the appellant.

*C. L. Kagey, Omer D. Smith, Frank A. Lutz,* and *A. E. Jordan,* all of Beloit, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover a real-estate agent's commission. A demurrer was sustained to the plaintiff's evidence, and he appeals.

The plaintiff pleaded he was employed to sell the defendants' land, and did sell it at the agreed price, whereby he earned the stipulated commission. The proof was the plaintiff found a person

whom he believed would buy, and solicited the defendants to sell. The defendants responded by telegram, which specified the conditions upon which the plaintiff might act. He was to contract a sale on definitely stated terms, and was to procure a deposit of 25 per cent of the price with the contract. The prospective purchaser read the telegram, said to the plaintiff he would deal on the basis of the telegram, and gave the plaintiff a check for a small portion of the price, to bind the deal until papers could be drawn. No contract of sale was concluded, no cash deposit of 25 per cent of the price was made, and the negotiations did not result in a sale. The plaintiff gave what he regarded as reasons why he did not or could not comply with the conditions of the telegram, and now insists, contrary to his pleading, that he should recover as if his employment were simply to find a purchaser ready, able, and willing to buy. The plaintiff had no employment or authority except that contained in the telegram, and he failed to establish the cause of action stated in his petition.

The judgment of the district court is affirmed.