No. 21,318.

OLIVER HICKS, by His Next Friend, MINERVA HICKS, *Appellee,* v. SWIFT & COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. COMPENSATION ACT—*Injuries Received Outside the State.* The question whether the workmen's compensation act applies to injuries received outside of the state suggested but not decided.

2. SAME—*Injuries Occurring "on, in or about" a Packing House—Application of Statute.* The workmen's compensation act, being by its terms limited to injuries occurring "on, in or about" a factory or other designated establishment, does not authorize a recovery against the owner of a packing house on account of injuries received by a truck driver while engaged in delivering meat to customers.

Appeal from Wyandotte district court, division No. 3; WILLIAM H. MCCAMISH, judge. Opinion filed November 10, 1917. Reversed.

*Oliver Q. Claflin,* of Kansas City, and *Russell Field,* of Kansas City, Mo., for the appellant.

*W. W. McCanles, Charles E. Thompson,* and *H. F. Gorsuch,* all of Kansas City, for the appellee.

The opinion of the court was delivered by

MASON, J.: Oliver Hicks, while in the employ of Swift & Company, received an injury on account of which he recovered a judgment under the workmen's compensation act, and the defendant appeals. It was the duty of the plaintiff under his employment to drive a truck for the delivery of meat from the packing house of the defendant, in Kansas City, Kan., to its customers in that city and in Kansas City, Mo. He was injured by a box of meat falling on him while he was attempting to make a delivery at 1005 East Twelfth street, in Kansas City, Mo., several miles from the packing house. The defendant maintains that no recovery can be had under the compensation act (1) because the injury was not received in Kansas, and (2) because it was not received "on, in or about" the packing house or factory.

1. Whether a compensation statute applies to injuries received outside the state of its enactment depends in part upon the view taken as to its extraterritorial force, concerning which there is some conflict of opinion (Notes, L. R. A. 1916A, 443, and 1917D, 83; 1 Bradbury's Workmen's Compensation Law, 2d ed., 56), and in part, of course, upon the particular provisions of the act in question. The operation of our statute is not in so many words limited to this state. It contains, however, some incidental expressions implying an assumption that the injuries to which it relates would occur in Kansas. Releases, agreements, and awards under it are required to be filed in the "county in which the accident occurred" (Gen. Stat. 1915, § 5922), and provisions relating to defenses are made applicable to an action "for a personal injury sustained within this state." (Gen. Stat. 1915, §§ 5940, 5941.) But the view taken with respect to the other phase of the case makes it unnecessary to determine whether the fact that the injury was received in Missouri would bar a recovery under the Kansas statute.

2. The scope of the statute upon which the action is based is limited by this language, which has been substantially preserved in the present act (Laws 1917, ch. 226) :

"This act shall apply only to employment in the course of the employer's trade or business on, in or about a railway, factory, mine or quarry, electric, building or engineering work, laundry, natural gas plant, county and municipal work, and all employments wherein a process requiring the use of any dangerous explosive or inflammable materials is carried on, which is conducted for the purpose of business, trade or gain; each of which employments is hereby determined to be especially dangerous, in which from the nature, conditions or means of prosecution of the work therein, extraordinary risk to the life and limb of the workman engaged therein are inherent, necessary, or substantially unavoidable, and as to each of which employments it is deemed necessary to establish a new system of compensation to workmen." . . . (Gen. Stat. 1915, § 5900.)

Among the definitions of words and phrases employed in the act is this:

" 'Factory' means any premises wherein power is used in manufacturing, making, altering, adapting, ornamenting, finishing, repairing or renovating any article or articles for the purpose of trade or gain or of the business carried on therein, including expressly any . . . meat-packing house. . . ." (Gen. Stat. 1915, § 5903.)

Therefore, no recovery can be had by the plaintiff in this proceeding unless he was injured "on, in or about" the factory or packing house of the defendant. That the word "about" is one of locality and not of mere association or connection has been determined in a recent case, where it was said:

"There is no anomaly in distinguishing between trainmen and yardmen working on or about a railroad, and railroad employees working in a distant office building where they are as secure from the peculiar hazards incident to railroading as the employees of a bank. Likewise, a factory drayman when in the course of his employment elsewhere than at the factory is no more exposed to extraordinary risk from the nature or condition of the work carried on there than a grocer's drayman. Consequently the act was extended, not to employment in the course of the employer's business generally, or wherever conducted, but the employer's business at designated places. . . .

"The court concludes that the word 'about,' as applied to a mine, fixes the locality of the accident for which compensation may be recovered, and that the accident must occur in such close proximity to the mine that it is within the danger zone necessarily created by those peculiar hazards to workmen which inhere in the business of operating the mine. If the accident occur outside this zone, the distance from the

Hicks v. Swift & Co.

mine, whether very near or very far, is immaterial." (*Bevard v. Coal Co.*, ante, pp. 207, 214, 215.)

The plaintiff urges that the reference to the factory drayman in the part of the opinion just quoted is dictum. That is in a sense true. But the illustration was made use of, in accordance with the usual practice, on the theory that the principle involved was the same, and applied with rather more obvious force to the supposed case than to the one actually under consideration.

An effort is made to bring the case within the statute, as it has already been construed, by the argument that the truck which the plaintiff was driving, being a portion of the equipment used in conducting the defendant's business, was itself a part of the factory. To support this view expressions are quoted tending to show that the truck was a part of the plant. The term "plant," however, is quite different from "factory." It may well apply to appliances used in carrying on the business, wherever situated. "Factory," by the statute, is restricted to the premises where [mechanical] power is used in manufacturing or preparing articles for sale. The truck was an instrument for the distribution of the finished product, rather than of its manufacture or preparation. While in charge of the truck, after leaving the premises where the meat had been prepared, the plaintiff was not "within the danger zone necessarily created by those peculiar hazards to workmen which inhere in the business of operating" the packing house.

The judgment is reversed, and the cause is remanded with directions to render judgment for the defendant.