No. 23,342.

JOSE ALVARADO, *Appellant*, v. FLOWER BROTHERS ROCK CRUSHER COMPANY, *Appellee.*

### SYLLABUS BY THE COURT.

COMPENSATION ACT—*Accident Did Not Occur "On, in or About" the Stone Quarry.* The proceedings in an action for compensation examined, and *held,* there was no evidence that the plaintiff, a quarry workman, was injured while he was within the zone of danger from operation of the quarry.

Appeal from Geary district court; ROSWELL L. KING, judge. Opinion filed May 7, 1921. Affirmed.

*A. J. Herrod, H. S. Roberts,* both of Kansas City, *I. M. Platt,* and *J. P. Coleman,* both of Junction City, for the appellant.

*James V. Humphrey,* and *A. S. Humphrey,* both of Junction City, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for compensation. The court rendered judgment against the plaintiff, on his own evidence, and he appeals.

The defendant leased a tract of land on which it operated a stone quarry. It employed Mexican labor, and nine or ten employees lived in tents and houses in the vicinity of the quarry, for which they paid no rent. The plaintiff and his family lived in a tent which was 150 yards from the quarry. The tent was located on a hillside, beneath a cliff in which there was an outcropping rock weighing many tons. The rock was so threatening, the plaintiff asked permission several times to move his tent to a safer place, the last time being about a month before he was injured. In the afternoon of August 12, 1919, it commenced to rain, and the foreman of the quarry allowed the workmen to quit work so they could get out of the rain. They were told to return to work as soon as it stopped raining. The rain was followed by a tornado. The plaintiff's brother, who was the interpreter through whom the foreman of the quarry communicated with the workmen, testified that "a lot of trees came blowing through the air." The rock fell through the top

Alvarado v. Rock Crusher Co.

of the plaintiff's tent, and split into two pieces.  One of the pieces, some five or six feet long and about as high, fell on the plaintiff's leg.  It required the efforts of all the men, working with crowbars for an hour, to release the plaintiff.  He was taken to a hospital, where his leg was subsequently amputated between the knee and the hip.  It was the custom whenever it rained for workmen to be relieved from work until the rain ceased, and the testimony was clear that, in this instance, the workmen were not ordered to go to any particular place, but were simply given permission to seek shelter.  Blasting powder was used in the quarry every day, but there was no evidence its explosive force ever extended beyond the quarry walls, or menaced the locality of the workmen's habitations.  The plaintiff complained of proximity of the rock to his tent, not of proximity of the quarry.  When the rock fell, no work was being done in the quarry or in its neighborhood, and those workmen who lived in tents were busy keeping their tents from being blown down.

The question for decision is a very simple one.  The workmen's compensation act is limited to employments "on, in or about a railway, factory, mine or quarry," and other localities not now material.  (Laws 1917, ch. 226, § 1.)  In the case of *Bevard v. Coal Co.*, 101 Kan. 207, 165 Pac. 657, the court interpreted the statute.  In that case the injured workman was a coal shoveler in a mine, and the injury occurred within thirty yards of a mine to which he had been sent on an errand connected with his employment.  The case was one of first impression, and the court undertook to state and to justify an interpretation which would be a guide to the bench and bar in the future.  The conclusion follows:

"The court concludes that the word 'about,' as applied to a mine, fixes the locality of the accident for which compensation may be recovered, and that the accident must occur in such close proximity to the mine that it is within the danger zone necessarily created by those peculiar hazards to workmen which inhere in the business of operating the mine.  If the accident occur outside this zone, the distance from the mine, whether very near or very far, is immaterial." (p. 214.)

In the record now under review, there is no evidence which indicates the colony of quarrymen was established within the zone of danger from operation of the quarry.

Arguments are advanced which seek to relate the place where the plaintiff took refuge from the storm, to the quarry. Those arguments are met by the decision in the case of *Hicks v. Swift & Co.*, 101 Kan. 760, 168 Pac. 905. In that case a factory workman drove a factory truck, to deliver boxes of factory product. While making a delivery several miles from the factory, a box fell on him and injured him. In the opinion it was said:

"Therefore, no recovery can be had by the plaintiff in this proceeding unless he was injured 'on, in or about' the factory or packing house of the defendant. That the word 'about' is one of locality and not of mere association or connection has been determined in a recent case [citing *Bevard v. Coal Co.*], . . .

"While in charge of the truck, after leaving the premises where the meat had been prepared, the plaintiff was not 'within the danger zone necessarily created by those peculiar hazards to workmen which inhere in the business of operating' the packing house." (pp. 762, 763.)

In the case of *Gadberry v. Egg Case Filler Co.*, 104 Kan. 72, 177 Pac. 834, a factory workman was injured within a few feet of the factory building, on a runway connecting the building with another factory building. It was held the location and use of the runway made it, for all practical purposes, a part of the dock of the factory. In this instance there was no such relation between the tent in which the plaintiff and his family made their home, and the quarry.

The judgment of the district court is affirmed.