No. 25,071.

JOSEPH G. KASPER, *Cross-appellant and Appellee,* v. KANSAS CITY LEAVENWORTH & WESTERN RAILWAY COMPANY, *Cross-appellee and Appellant.*

SYLLABUS BY THE COURT.

INJURED WORKMAN—*Action Commenced Under Federal Laws—Both Plaintiff and Defendant Operating Under Workmen's Compensation Act—Workman May File Amended Petition Alleging Cause of Action Under Workmen's Compensation Act.* A workman, operating under the workmen's compensation act, who commences an action to recover damages under the federal safety appliance act and the federal employers' liability act from a defendant which ran an electric interurban railway in this state and which was also operating under the workmen's compensation act, may file an amended petition in the action to recover under the workmen's compensation act.

Appeal from Wyandotte district court, division No. 3; WILLIAM H. Mc-CAMISH, judge. Opinion filed March 8, 1924. Affirmed.

*McCabe Moore,* of Kansas City, for the appellant.

*A. J. Herrod,* and *H. F. Roberts,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.:   This is an action to recover under the workmen's compensation act for an accidental injury to the plaintiff, an employee of the defendant, which operated an electric interurban railway in Wyandotte county.

This is the second appeal in this action.   (*Kasper v. Rly. Co.*, 111 Kan. 267, 207 Pac. 203.)   The action was commenced under the federal safety-appliance act and under the federal employers' liability act, to recover damages for the injury to the plaintiff alleged to have been caused by the negligence of the defendant.   The judgment that had been rendered in favor of the plaintiff was reversed, and the cause was remanded for a new trial.

After the case was remanded to the district court, and on January 8, 1923, the defendant filed an amended and supplemental answer in which it alleged that the plaintiff and defendant were operating under the workmen's compensation act and that the plaintiff's cause of action was barred by the statute of limitations.   Afterward, and on February 21, 1923, the plaintiff filed an amended petition in which he alleged a cause of action under the workmen's compensation act.   On the trial, it was stipulated that the plaintiff and defendant were under that act at the time of the injury to the plaintiff.

The defendant filed a motion to strike the amended petition from the files and also filed a demurrer to that petition.   The motion alleged that the action, as commenced, was one for damages and that, under the amended petition, the plaintiff sought to recover under the workmen's compensation act.   The motion was denied, and the demurrer was overruled.   From those rulings, the defendant appeals.

The plaintiff filed a motion to strike out of the amended and supplemental answer all parts thereof referring to the workmen's compensation act and the statute of limitations, and also filed a demurrer to the fifth paragraph of that answer for the reason that the paragraph did not state facts sufficient to constitute a defense to the plaintiff's cause of action.   The fifth paragraph of the amended and supplemental answer alleged that the parties were under the workmen's compensation act; that if the plaintiff had any right to recover, it was under that act; but that the cause of action, if any had existed, was barred by the statute of limitations.   The motion was denied and the demurrer overruled; from those orders, the plaintiff appeals.

The defendant argues that there has been a departure from the cause of action originally set out in the petition; that the action for damages and the action for compensation were inconsistent with each other; and that, when the action for damages was commenced, an election was made by which the plaintiff is bound. The defendant also argues that the judgment rendered in the former action is *res adjudicata* and that the matter cannot be litigated again.

The plaintiff, in his first petition, alleged employment and injury and other facts which showed that he and the defendant were operating under the workmen's compensation act unless there had been an election not to be bound thereby. His amended petition alleged a cause of action under the workmen's compensation act. The amended petition was filed by leave of court. When that was done, the action was pending in the district court undetermined, the same as if no trial had ever been had. The plaintiff, with the permission of the court, had the right to amend his petition. Of course, he could not set up an entirely different and new cause of action. Here, both the petition and the amended petition sought to recover for the injury to the plaintiff sustained by him while in the employ of the defendant. No error was committed in permitting the amended petition to be filed.

If a plaintiff has two remedies, one for damages, and the other for compensation, and he sues for damages, he cannot abandon that action and sue for compensation. But, if he does not have two remedies and he sues to recover on a theory under which he has no right to recover, he is not precluded from abandoning that theory and proceeding under another on which he has a right to recover. In *McKim v. Carre,* 72 Kan. 461, 83 Pac. 1105, this court said:

"The fact that one who claims to have acquired by prescription a right of way across the land of his neighbor institutes proceedings under a void statute to have the land condemned for a private road for his benefit is not such an election of remedies as will preclude him from thereafter asserting such prescriptive right." (Syl.)

In *Shade v. Cement Co.,* 92 Kan. 146, 139 Pac. 1193, the court declared that—

"Where a petition stating a cause of action under the factory act charges negligence, but discloses a situation in which a recovery can only be allowed under the workmen's compensation acts, the district court having jurisdiction of the parties and subject-matter should not dismiss the action but should retain it for the remedy to which the plaintiff may prove his right." (Syl. ¶ 2.)

Kasper v. Railway Co.

See, also, *Sillix v. Armour & Co.,* 99 Kan. 103, 160 Pac. 1021.
In 20 C. J. 21, the writer says:

"An election can exist only where there is a choice between two or more inconsistent remedies actually existing at the time the election is made. Hence the fact that a party misconceives his right, or through mistake attempts to exercise a right to which he is not entitled, or prosecutes an action based upon a remedial right which he erroneously supposes he has, and is defeated because of such error, does not constitute a conclusive election, and does not preclude him from thereafter prosecuting an action based upon an inconsistent remedial right."

The amended and supplemental answer of the defendant alleged that the cause of action under the workmen's compensation act was barred by the statute of limitations at the time the answer was filed. That may be true. It is a matter that should be determined on the issues made by the amended petition and such pleadings thereto as the defendant may file. It cannot be determined in advance of such pleadings. The petition does not disclose that the action is barred by the statute of limitations.

Liability under the workman's compensation act cannot be other than one created by statute, and it is not a forfeiture or a penalty. If this is correct, the second subdivision of section 60-306 of the Revised Statutes must govern. That fixes three years as the time within which an action may be commenced. The plaintiff was injured September 29, 1920. The amended petition was filed February 21, 1923, within three years after the plaintiff was injured.

The other matters presented have been considered. It is not necessary to discuss them.

The judgment is affirmed.