No. 27,044.

DICK CARTER, *Appellee,* v. O. W. UHRICH and B. E. UHRICH, Copartners, etc., *Appellants.*

SYLLABUS BY THE COURT.

1. WORKMEN'S COMPENSATION ACT—*Injuries on, in or About Factory—Injuries on Truck Considerable Distance from Factory.* Although a door factory employing sixty employees is governed by the workmen's compensation act unless the employer, or employees, or both elect to have it otherwise, yet an injury which was sustained by plaintiff, an employee of such factory, in falling from the trailer of the employers' motor truck which was negligently driven by a fellow-employee at high speed around a street corner at a place several blocks' distant from the factory, while returning from a railway station to which the plaintiff and the truck driver had gone with a shipment of doors, such injury was not the result of an accident "on, in or about" the employers' factory, nor was the plaintiff's right of recovery nor the employers' liability, if any, regulated by the workmen's compensation act—following *Hicks v. Swift & Co.,* 101 Kan. 760, 168 Pac. 905.

2. MASTER AND SERVANT—*Liability for Injury to Servant—Effect of Acceptance of Benefits Under Erroneous Theory of Workmen's Compensation Act.* In an ordinary civil action for damages against defendant employers by plaintiff, their employee, for injuries sustained through the negligence of a fellow servant, the fact that plaintiff and defendants acted for a time on the

Estoppel, 21 C. J. p. 1207 n. 40. Workmen's Compensation Acts, C. J. p. 81 n. 36; 28 R. C. L. 717.

erroneous assumption that plaintiff's rights and defendants' liability were governed by the workmen's compensation act and defendants voluntarily made several bimonthly payments of compensation to plaintiff in accordance with the schedule of allowances prescribed by the compensation act, and the plaintiff gave notice of his injuries and stated his·desire for arbitration and his employers signified their assent thereto, a demurrer to defendants' answer which specially pleaded the foregoing matters as a defense to plaintiff's action was not improperly sustained.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion filed January 8, 1927. Affirmed.

*Chester Stevens,* of Independence, for the appellants.
*Sullivan Lomax* and *O. W. Lomax,* both of Cherryvale, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action by an employee against his employers for damages on account of injuries sustained in being flung from a trailer attached to a motor truck which plaintiff's fellow-servant negligently drove around a street corner at excessive speed.

The defense pleaded was that defendants were operating a factory in which more than sixty employees were employed; that plaintiff and defendants were operating under the workmen's compensation act; that promptly after the alleged injuries of plaintiff were sustained they began to make bimonthly payments of $19.80 to plaintiff, such amounts being 60 per cent of his average weekly wages as prescribed by the compensation act. Defendants made such payments on March 6, April 3, April 20, May 7, and May 23, and avowed their willingness to continue them so long as liability therefor might attach to them by virtue of the compensation act. Defendants also alleged that they had paid doctors' and medical bills incurred in the care and treatment of plaintiff in the total sum of $123.65. Defendants further alleged that while plaintiff was regularly receiving and accepting periodical payments from defendants under the terms of the compensation act, he gave them written notice of his injuries, and that he claimed compensation under the act and stated his willingness to arbitrate; that defendants apprised plaintiff of their readiness to arbitrate, and that plaintiff and defendants later agreed that if his compensation could not be determined by agreement, the matter would be arbitrated—by all of which conduct plaintiff was bound by the terms of the compensation act, and by his election to arbitrate, and by his agreement that arbitration

would be had between them unless they could agree as to his compensation without arbitration—

"And he [plaintiff] is estopped from maintaining or prosecuting any proceedings, suits or actions of any kind or character whatsoever other than for compensation under the compensation law of the state of Kansas, and these defendants further allege that he cannot, by reason of all of the foregoing, maintain any suit or action in any court until the defendants have declined to arbitrate his claim, and which offer of arbitration on the part of this plaintiff, the defendants have at all times accepted and do now accept, and they hereby offer to arbitrate said claim in the manner and form prescribed by the terms and provisions of the workmen's compensation law of the state of Kansas."

Other defenses pleaded in defendants' answer need no present attention.

Plaintiff's demurrer to the matters in defendants' answer outlined above was sustained. Defendants appeal.

The chief question in this lawsuit is whether the rights of the parties should be determined by the provisions of the workmen's compensation act, and the answer to that question depends upon whether it can fairly be said that plaintiff's injuries were sustained "on, in or about" the premises of defendants' factory. (R. S. 44-505.) They actually did occur on a public street on a return journey from the railway station to which plaintiff with other employees of defendants had gone with a truck-and-trailer load of revolving doors manufactured at defendants' factory and which were to be shipped by railway carriage to some distant destination. The railway station was about a mile from defendants' factory and the accident to plaintiff occurred a few blocks from the depot, mayhap about half way back to the factory.

Virtually this same question has been considered by us on more than one occasion. In *Hicks v. Swift & Co.*, 101 Kan. 760, 168 Pac. 905, a truck driver whose duty it was to make deliveries of meat to customers was injured by a box of meat falling upon him from the truck while he was making a delivery at a place several miles from his employer's packing house. Under the terms and limitations of the compensation act this court was constrained to reverse a judgment in favor of the injured employee. The syllabus in part reads:

"The workmen's compensation act, being by its terms limited to injuries occurring 'on, in or about' a factory or other designated establishment, does not authorize a recovery against the owner of a packing house on account of injuries received by a truck driver while engaged in delivering meat to customers." (¶ 2.)

The case of *Bevard v. Coal Co.*, 101 Kan. 207, 165 Pac. 657, was largely governed by the same statutory restriction which limits compensation for injuries to those sustained by workmen arising out of and in the course of their employment "on, in or about" the sort of industrial or business premises to which the act refers. The syllabus states the whole case:

"The defendant operates two open-pit coal mines, known as the east mine and the west mine, which are about a quarter of a mile apart. They are separated by an interurban railway, which passes within about thirty yards of the west mine. A workman in that east mine was ordered by his foreman to go on a necessary errand to the west mine. When crossing the railway track the workman was struck by a car, and sustained injuries which proved fatal. In an action for compensation under the workmen's compensation act, the petition, which was otherwise sufficient, presented the foregoing facts. *Held,* a demurrer to the petition was rightfully sustained, because the accident did not occur on or in or about a mine, within the meaning of section 6 of the act (Gen. Stat. 1915, § 5900)." (See, also, *Alvarado v. Rock Crusher Co.*, 109 Kan. 192, 197 Pac. 1091; *Stover v. Davis*, 110 Kan. 808, 205 Pac. 605.)

The recent case of *Wise v. Central Dairy Co.*, 121 Kan. 258, 246 Pac. 501, is not at variance with these cases. There a part of the public street near the factory had been adopted by the employer as a part of its premises for use in repairing its auto trucks, and was therefore in effect, "on, in and about" its factory and within its danger zone.

The cases of *Tierney v. Telephone Co.*, 114 Kan. 706, 220 Pac. 190, and *Hoops v. Utilities Co.*, 116 Kan. 598, 227 Pac. 332, are cited by appellant as indicating a tendency to get away from the rule applied in *Hicks v. Swift & Co.*, and *Bevard v. Coal Co.*, supra. Hardly so. The Tierney case and the Hoops case were decided on the point that the injuries in each case arose in the course of employments expressly covered by the terms of the compensation act.

The pertinent statute in part reads:

"That this act shall apply only to employment in the course of the employer's trade or business on, in or about a . . . factory, mine, . . . electric, . . . or engineering work . . . ; each of which employments are hereby determined to be especially dangerous . . ." (R. S. 44-505.)

In the Tierney case, plaintiff's employment involved the charging of electric batteries which constituted "electric" work, and the zone of danger "on, in or about" the telephone company's "electric" work was wherever its wires were strung and where its employees had to go to serve their employer in that kind of work. In the Hoops case,

the plaintiff's injuries arose in the course of his employment in behalf of a master who was engaged in building a railroad, an "engineering work" within the express terms of the statute. In the Hicks and Bevard cases plaintiffs were defeated because they could not bring their accidental injuries within the terms of the statute, while in the Tierney and Hoops cases, the injured workmen were within its express terms. In view of the specific terms of the statute and the decisions to which we have referred, the court feels bound to hold that at the time and place and in the circumstances, the injuries sustained by plaintiff in the overturning of the trailer in a public street at some distance from the factory was not the sort of accident for which the statute awards compensation.

Touching the matter of plaintiff's acceptance of several bimonthly payments according to the terms of the compensation act and the payment of doctors' and druggists' bills on his behalf, it appears that such payments were voluntarily made, and it would be harsh indeed to say that plaintiff was estopped to pursue this action on such account. The converse of this case was considered in *Shade v. Cement Co.*, 92 Kan. 146, 139 Pac. 1193, where plaintiff's petition contained averments sufficient to state either an action under the factory act or a common-law action for negligence. It eventually was determined that plaintiff's right of action was neither under the factory act nor the common law, but was under the workmen's compensation act; yet this court held that the action should not be dismissed but should proceed as a cause of action under the compensation act. Of course, the bimonthly payments received by plaintiff and the doctors' and druggists' charges paid in his behalf constitute a proper offset or counterclaim to any allowance in damages to which plaintiff may be entitled; and, indeed, if plaintiff is defeated in this action, or recovers judgment for a less amount than the aggregate sum paid or expended by defendants in plaintiff's behalf, they will be entitled to a judgment against him as the facts ascertained by the trial court and jury may require.

These observations also dispose of appellants' point that plaintiff demanded arbitration and elected and agreed to arbitrate. Plaintiff's predicament is not like that of a litigant who makes an election between two existing but inconsistent remedies. Here plaintiff never had but one remedy, a civil action sounding in tort and which is the one he is pursuing herein. Nor has he so far pursued the erroneous

assumption that his rights were governed by the compensation act that he is estopped to pursue this civil action. (21 C. J. 1206 *et seq.;* 10 R. C. L. 694 *et seq.*)   See the somewhat analogous case of *Kasper v. Railway Co.,* 111 Kan. 267, 207 Pac. 203; id., 115 Kan. 610, 223 Pac. 1106; id., 118 Kan. 537, 235 Pac. 835. This court is well aware of the old rule that ignorance of one's legal rights, of a mistake of. law, will not prevent one's conduct from working an estoppel (*Rogers v. Street Railway,* 100 Me. 86, 70 L. R. A. 574), but that rule has been much restricted in this state, especially in dealing with *bona fide* claims of workmen for injuries received in their master's service, whether such claims were made under some special statute or were merely justiciable as ordinary civil actions at law.   In *Kosha v. Railroad Co.,* 114 Kan. 126, 217 Pac. 293, where an employee sued for damages for injuries sustained in his master's service notwithstanding his retention of a sum of money received by him in an ostensible settlement of his claim, which settlement he necessarily had to repudiate in bringing his action, this court said:

"Defendant's next point is that plaintiff could not avoid the release without returning the $22.  But it has long been the rule in this jurisdiction that where a settlement and release of a claim for personal injuries has been made for a grossly inadequate sum, whether induced by fraud, mutual mistake, lack of capacity or understanding, coercion or the like, a return of the consideration is not a prerequisite to an avoidance of the release as in ordinary cases of rescission, but can be taken care of as an item of credit if and when plaintiff's real damages are judicially determined and allowed. (*Railroad Company v. Doyle,* 18 Kan. 58, 64; *Railroad Co. v. Goodholm,* 61 Kan. 758, 60 Pac. 1066; *Carver v. Fraternal Citizens,* 103 Kan. 824, 176 Pac. 634)."   (p. 130.)

It must therefore be held that plaintiff's demurrer to the matters specially pleaded in defendant's answer was properly sustained, and the judgment is affirmed.