No. 26,950.

MYRTLE ECHORD et al., by MYRTLE ECHORD, their Guardian,
*Appellees,* v. A. W. RUSH, Receiver, *Appellant.*

(261 Pac. 820.)

OPINION ON REHEARING.

SYLLABUS BY THE COURT.

1. WORKMEN'S COMPENSATION ACT—*When Remedies Provided Therein Exclusive.* The remedies provided by the workmen's compensation law are exclusive when the workman and his employer are operating under that law and the injury complained of is one within its purview.

2. SAME—*When Act Not Applicable.* The workmen's compensation law has no application if the parties are not operating under it, or if the injury complained of is not within its provisions.

3. SAME—*Effect on Action for Wrongful Death Not Within Act—Judgment as Bar.* In a proceeding to establish a claim for compensation under the workmen's compensation law, the court found that the facts failed to show that the death of the workman was caused "by personal injury by accident arising out of and in the course of his employment," and rendered judgment for defendant. *Held,* this judgment was not a bar to an action for wrongful death under R. S. 60-3203, based on the negligence of defendant in failing to comply with the safety provisions of the mining laws (R. S. 49-214 *et seq.*), when the injury is found to be of a character not within the provisions of the workmen's compensation law.

Appeal from Linn district court; EDWARD C. GATES, judge. Opinion on rehearing filed December 10, 1927. (For original opinion of reversal see 122 Kan. 260.) Affirmed.

*Charles T. Meuser,* of Paola, for the appellant.

*John A. Hall,* of Pleasanton, for the appellees; *Robert Stone, George T. McDermott, Robert L. Webb* and *Beryl R. Johnson,* all of Topeka, of counsel.

The opinion of the court was delivered by

HARVEY, J.: In the former opinion filed in this case (122 Kan. 260, 251 Pac. 1112) the judgment of the court below was reversed, with directions to enter judgment for defendant, the court holding that the case was controlled by the rule of law stated in *Shade v. Cement Co.,* 92 Kan. 146, 139 Pac. 1193; 93 Kan. 257, 144 Pac. 249, and allied cases. A rehearing was granted. The case has been reargued,

522 · SUPREME COURT OF KANSAS.

additional briefs have been filed, and we have sent for and examined the papers and transcript filed in the court below. Upon this further consideration we are now of the opinion that our former conclusion was erroneous, and that the case is not controlled by the rule of law stated in the Shade case.

This action was brought as an ordinary action for damages to dependents for a wrongful death (R. S. 60-3203) of an employee of defendant, alleged to have been caused by the negligence of defendant in failing to comply with the safety provisions of the mining laws (R. S. 49-214 *et seq.*), by reason of which negligence poisonous gases accumulated in the mine where the employee worked, and were necessarily inhaled by him day by day, whereby his system became gradually poisoned, resulting in his death. In the petition it was specifically alleged that the injury sustained by the employee did not come within the provisions of the workmen's compensation act. The answer denied the negligence alleged, contained a plea of contributory negligence, and alleged that at the time of the alleged injury to the employee he and defendant were engaged in mining, and were operating under the provisions of the workmen's compensation act, which was the exclusive measure of recovery; and further alleged as a former adjudication of the rights of the parties that plaintiff had theretofore brought an action seeking compensation as dependents under the workmen's compensation act against defendant for the same injury, which action had been tried on issues joined and resulted in a judgment for defendant. The reply averred that the only thing determined in the prior case was that the death of the employee was not the result of personal injury by accident, within the meaning of the workmen's compensation act; other defenses of the answer were denied.

While the evidence on these questions was in conflict, there was evidence to support the allegations of plaintiffs' petition as to the negligence of defendant in the failure to comply with the safety provisions of the mining laws, to the presence of poisonous gas in the mine, which was inhaled by Echord from day to day, resulting in his illness and death. The jury returned a verdict for plaintiffs for $5,000, and answered special questions as follows:

"2. Was Jesse Echord's death due to the sudden escaping of poisonous gases in the mine and the inhalation by him? A. No.

"3. If you answer the above question in the negative, then state what was the real or proximate cause of his death? A. Inhaling poisonous gas from day to day."

Judgment was rendered for plaintiffs on the verdict; defendant's motion for a new trial was overruled, and he has appealed.

Appellant contends that since the parties were engaged in the business of mining, they were necessarily operating under the provisions of the workmen's compensation law (R. S. 44-507); that the remedies afforded by the workmen's compensation law are exclusive, and that therefore, this action for damages cannot be maintained, citing and relying on *Shade v. Cement Co.*, supra, and allied cases.

It is well settled that the remedies provided by the workmen's compensation law are exclusive when the workman and his employer are operating under that law, and the injury complained of is one within the purview of the law (*Shade v. Cement Co.*, supra; *Moeser v. Shunk*, 116 Kan. 247, 226 Pac. 784); but it is just as true that the workmen's compensation law has no application if the parties were not operating under it (*Smith v. Cement Co.*, 94 Kan. 501, 146 Pac. 1026; *Menke v. Hauber*, 99 Kan. 171, 160 Pac. 1017), or if the injury complained of is not within its provisions (*Bevard v. Coal Co.*, 101 Kan. 207, 165 Pac. 657; *Alvarado v. Rock Crusher Co.*, 109 Kan. 192, 197 Pac. 1091; *Haas v. Light & Power Co.*, 109 Kan. 197, 198 Pac. 174; *Peavy v. Contracting Co.*, 112 Kan. 637, 211 Pac. 1113; *Carter v. Uhrich*, 122 Kan. 408, 252 Pac. 240).

The pertinent statute reads:

"If in any employment to which this act applies personal injury by accident arising out of and in course of employment is caused to a workman, his employer shall, subject as hereinafter mentioned, be liable to pay compensation to the workman in accordance with this act. . . ." (R. S. 44-501.)

Before a workman, or his dependents, can recover compensation under the workmen's compensation law it must be shown that the workman sustained personal injury, (1) by accident, (2) arising out of, (3) and in the course of his employment. (R. S. 44-501.) Here it was shown that the injury arose out of and in the course of the employment, but the question still remains, Did the workman sustain personal injury "by accident," as that term is used in the law? Early in the administration of the workmen's compensation law in this state, in the case of *Gilliland v. Cement Co.*, 104 Kan. 771, 180 Pac. 793, the meaning of the word "accident" as used in the statute was discussed. In the opinion it was said:

"An accident is simply an undesigned, sudden, and unexpected event, usually of an afflictive or unfortunate character, and often accompanied by a manifestation of force. The word undesigned must not be taken too literally in

this connection, because a person may suffer injury a•cidental to him, under circumstances which include the design of another. The same warning may be extended regarding other elements of the definition; but as definitions go, the one here proposed is correct, at least for present purposes." (p. 773.)

There was further discussion as to the distinction between injury as one thing, and accident producing it as another. On this point were reviewed a number of English cases, construing the English compensation act, the language of which was adopted by our legislature, and it was held that this word "accident" may apply to what happened to the workman, although it may have resulted from the intentional performance of usual acts in the usual way.

The definition of the word "accident" as it is used in our workmen's compensation law, given in the case just cited, has been followed in all cases involving the question arising in this court since that decision. (*Cox v. Refining Co.*, 108 Kan. 320, 324, 195 Pac. 863; *Blackburn v. Brick & Tile Co.*, 107 Kan. 722, 726, 193 Pac. 351; *Gilliland v. Zinc Co.*, 112 Kan. 39, 209 Pac. 658; *Hoag v. Laundry Co.*, 113 Kan. 513, 514, 215 Pac. 295; *Stark v. Wilson, Receiver*, 114 Kan. 459, 462, 219 Pac. 507; *Stringer v. Mining Co.*, 114 Kan. 716, 718, 220 Pac. 168; *Chop v. Swift & Co.*, 118 Kan. 35, 37, 233 Pac. 800. Also in *Cherdron Constr. Co. v. Simpkins*, 61 Utah, 493, and *Frandila v. Dept. of Labor & Industries*, 137 Wash. 530.)

And it has been repeatedly held that to authorize a recovery under the workmen's compensation law there must have been a "personal injury by accident." (*Monson v. Battelle*, 102 Kan. 208, 170 Pac. 801; *Gilliland v. Zinc Co.*, supra; *Taylor v. Swift & Co.*, 114 Kan. 431, 219 Pac. 516; *Chop v. Swift & Co.*, supra.) Our workmen's compensation law does not cover personal injury resulting from occupational diseases as distinct from accidents. (*Chop v. Swift & Co.*, supra.)

One of the elements entering into a definition of the word "accident" as used in compensation statutes is that of suddenness. There must be a time, place or circumstance when the thing called an accident happened, took place or occurred. All the courts seem to agree on this, although there may be difficulty in determining whether the thing or things being considered constituted an accident.

The case before us is similar to that of *Hendrickson v. Continental Fibre Co.*, 136 Atl. 375 (Del.), not cited by counsel. In that state the workmen's compensation law provides for the payment of compensation only for personal injury which is the result of an

accident. While the language of the Delaware statute is not identical with ours, in this respect they are so similar the case is directly in point on the question now being considered. That was a common-law action to recover damages on account of certain diseases alleged to have been gradually contracted by the plaintiff over a period of about six months by reason of his work with a certain chemical in an experimental process in the manufacture of fiber. The question arose on a demurrer to the petition. It was argued by defendant that the diseases as contracted by plaintiff were personal injuries sustained by the plaintiff during the course of his employment by the defendant, and as such are cognizable under the workmen's compensation act, and that since such act is the exclusive remedy of the matters cognizable by it that this common-law action could not be maintained. This argument was found to be without merit. The court held:

"Slow, gradual, idiopathic disease, unaccompanied and unrelated to any injury by accident, but caused by exposure to acid and chemicals, is not embraced within the terms of workmen's compensation law, . . . since it was not 'violence to the physical structure of the body,' which requires force, sustained by accident or resulting disease; 'accident' having element of suddenness, and requiring injury to be referable to definite time, place, or circumstance. . . ."

This case is not controlled by the rule of law stated in *Shade v. Cement Co.*, supra, for the reason that there no question arose as to whether the injury complained of was the result of an "accident," and that question was not discussed in the opinion. There the workman's clothes (or arm) were caught in machinery, not safeguarded as required by the factory act, and the workman was killed. The injury itself contained all the elements of an accident, as that term was defined in *Gilliland v. Cement Co.*, supra. The controversy there was over the exclusiveness of the remedy. Plaintiffs had brought the action as one for damages, and contended that they had the right to elect whether to sue for damages or to apply for compensation under the workmen's compensation act. That contention was denied, and it was held that the remedy afforded by the workmen's compensation law was exclusive. It was not held in that case that the remedy afforded by the workmen's compensation law was exclusive in a case where the injury complained of was not the result of an accident, as that term is used in the statute. Hence, while there is nothing wrong with the rule of law stated in the Shade

case, and it has been repeatedly followed, it has no application if the parties were not operating under the workmen's compensation law, or if the injury complained of is one which is not compensable under that law.

Here the case, as we now view it, turns, *first,* on the question of whether the death of the workman was the result of personal injury by accident, as that term is used in the statute. (R. S. 44-501.) The petition alleged that it was not so caused; that the injurious effect of the poisonous gas was gradual, from day to day. The answer denied these allegations, thereby putting the question in issue. The jury specifically found that the workman's death was not due to the sudden escape of poisonous gas inhaled by him, but that the real and proximate cause of his death was inhaling poisonous gas from day to day. This, under the authorities above cited, and especially *Hendrickson v. Continental Fiber Co.,* supra, marks the case one not governed by the workmen's compensation law. And, *second,* is there liability here for negligence? Since the workmen's compensation law has no application, we consider the case as though that law had not been passed. The statute (R. S. 49-214 *et seq.*) requires certain provisions for the safety of workmen in mines. These statutes are not repealed by the workmen's compensation law. In *Smith v. Cement Co.,* supra, it was held the factory act was not so repealed; the same reasoning applies here. If the injury is not one which is compensable under the act, the ordinary rules applicable in negligence cases apply. (*Brooks v. Coal & Coke Co.,* 96 Kan. 530, 152 Pac. 616.)

As to whether defendant was negligent in the respect alleged by plaintiffs, and, if so, whether such negligence caused the death of the workman, there was a conflict of evidence. One thing the parties agree upon—that the immediate cause of the death of the workman was acute encephalitis, commonly known as brain fever. It was plaintiff's theory that acute encephalitis is not in all cases a germ disease; that it may be produced by an accumulation of the effects of breathing from day to day air containing carbon monoxide gas, and that such gas was present in the mine, due to the negligence of defendant in not complying with the safety provisions of the mining law, and that it was so produced in this case. There was substantial evidence which, if believed by the jury, supported that view. Defendant contended that there had been no violation of the safety provisions of the mining laws; that there was no carbon monoxide gas

in the mine where Echord worked, or, if any, it was so little it would not produce serious effects on any one; that acute encephalitis is always a germ disease, or at least the attack which caused the death of Echord was such, and could not possibly have been caused by the inhalation of carbon monoxide gas; that Echord's illness began with influenza, commonly called the "flu," and developed into acute encephalitis resulting in death, and that it was in no way related to or caused by his employment. The jury heard this evidence, and decided the controversy concerning it in favor of plaintiffs. This has been approved by the trial court, and is binding on us.

In presenting one portion of his defense, defendant offered in evidence the judgment and proceeding in the former case. These were excluded on plaintiffs' objection. Defendant complains of this ruling. The former case was this: Plaintiffs had made claim as dependents under the workmen's compensation law, and had applied to the court for the appointment of an arbitrator. On the hearing of this application, after argument of counsel, the court made an order that plaintiffs file a petition setting forth the facts regarding their claims against defendant; that defendant plead thereto, and that the action proceed in form as a civil action to be tried to the court. In compliance therewith plaintiffs filed a petition, alleging that they were the widow and minor children of Jess Echord, deceased, and were wholly dependent on him; that he was employed by defendant as a miner; that he inhaled poisonous gases in the course of his employment, which caused his illness and death, and alleged other facts essential to recovery under the workmen's compensation law. Defendant answered, denying the allegations of the petition, and specifically denied that the death of Jess Echord resulted from any injury by accident arising out of and in the course of his employment. There was a trial; both parties introduced evidence. The court found (1) that the facts alleged by claimants do not constitute a personal injury by accident arising out of and in the course of the employment, and (2) that the facts fail to show that the death of Jess Echord was caused by personal injury by accident arising out of and in the course of his employment, within the meaning of the workmen's compensation law. Judgment was rendered for defendant. No appeal was taken from that judgment.

Thereafter the same plaintiffs brought this action.

Defendant contends that the judgment in his favor in the prior

action bars the rights of plaintiffs to recover here. This contention cannot be sustained. It is clear that the only question determined in the former action was whether plaintiffs could recover under the workmen's compensation law, and that depended on whether the death of Jess Echord resulted from personal injury by accident arising out of and in the course of his employment. The decision of that question, adverse to plaintiffs, did not bar their right to recover for the negligence of defendant resulting in injury not compensable under the workmen's compensation law. But defendant argues that the trial court in the first case may have decided for defendant because he believed the evidence of defendant's witness, that Echord's death was the result of flu which developed into brain fever, and was in no way attributable to his employment. The record indicates that this question was not raised at that hearing; that the only question presented or determined was whether personal injury resulting from inhaling poisonous gas from day to day, so that no time when such injury occurred could be stated, was personal injury by accident within the meaning of the workmen's compensation law. This view is strengthened by the fact that the judge who tried the first case presided at the trial of the second one, and there made the ruling now complained of. Had he entertained any such idea as defendant now suggests he may have entertained, his ruling in this case would have been different.

The judgment of the court below is affirmed.

HARVEY, J. (dissenting): In my judgment there was no trial in the court below on the question whether the alleged injury to the workman was an "accident" within the meaning of the workmen's compensation law. So far as the actual trial was concerned, the case was tried and submitted to the jury as though that law did not exist. The instructions contained no definition of the term "personal injury by accident," as used in the workmen's compensation law, nor do they mention that law in any respect. The verdict and finding of the jury cannot, therefore, be construed as being an interpretation of the evidence as applied to that law.

Neither am I at all sure that the injury alleged to have been sustained by the workman in this case was not an accident, within the meaning of the workmen's compensation law. I see no reason why the physical injury of the workman, as testified to by witnesses for plaintiffs and used as a basis of their right to recover in this case—

severe headache, exclamations of pain, vomiting, etc.—are not referable to a specific time, place, or circumstances as definitely as is pain resulting from hernia, strained ligaments, broken bones, or many of the other personal injuries shown as the basis for recovery in workmen's compensation cases.

Moreover, it seems to me that the judgment for defendant in the first proceeding between the parties, mentioned in the opinion, is an adjudication that the workman's illness and death were the result of something not connected with his employment. Plaintiffs have had really two trials on that question, the first being decided against them by the court, and the second in their favor by the jury.

I regard a further statement of my views to be of no consequence.