Sadie ROBERTS, Appellant,

v.

EPICURE FOODS COMPANY, a Corporation, Respondent.

No. 47375.

Supreme Court of Missouri,

Division No. 1.

Jan. 11, 1960.

Gerhard and Padberg, St. Louis, for appellant.

Richard M. Stout, Philip M. Sestric, Peter J. Maniscalco, St. Louis, for respondent.

HOLMAN, Commissioner.

In this action plaintiff alleged that in February 1957 she became afflicted with a condition of painful, permanent dermatitis upon both hands which resulted from the failure of defendant (her former employer) to provide her "with a reasonably safe place and method in which to work" in certain respects in the petition specified. She sought to recover damages in the sum of $25,000. Plaintiff has appealed from an order and judgment of the trial court sustaining defendant's motion to dismiss, with prejudice.

There is no contention that plaintiff's petition, on its face, does not state a claim upon which relief could be granted. The motion to dismiss alleged that (1) defendant was a major employer operating under the provisions of the Missouri Workmen's Compensation Act, (2) on January 1, 1957, it elected to bring itself within the provisions of Chapter 287 (unless otherwise stated all statutory references are to RSMo 1949, V.A.M.S.) with respect to occupational disease and thereafter filed notice with the Division of Workmen's Compensation of its said election and "thereafter notice was duly posted in the premises of this defendant" of said election, (3) defendant purchased a policy of workmen's compensation insurance on January 1, 1957, and was fully insured upon all the dates mentioned in the petition, (4) that plaintiff's remedy, if any, is under the Missouri Workmen's Compensation Law and she "is not entitled to maintain this suit at common law," and (5) "defendant paid plaintiff and plaintiff accepted from defendant weekly compensation at the rate of $35.00 per week for 16 weeks from the 27th day of June, 1957, through the 16th day of October, 1957, in the total amount of $490.00 and furnished plaintiff medical aid and * * * that all of said payments were made under and by virtue of the terms, requirements and provisions of the Workmen's Compensation Law of Missouri; that plaintiff accepted same and has not tendered same back to defendant and that plaintiff is therefore estopped to question or deny the applicability of said Workmen's Compensation Law to the facts in this case."

There is no contention by defendant that the facts alleged in the motion to dismiss appear on the face of the petition. It attempted to prove those facts by evidence offered at the time the motion was heard.

The evidence offered at that hearing was rather fragmentary. Defendant called as a witness James J. Hogan, an underwriter for Aetna Insurance Company. He identified a workmen's compensation insurance policy dated January 1, 1957, which his company had issued to the defendant and which, in addition to the usual provisions, contained the following which had apparently been stamped thereon with a rubber stamp: "This employer has elected to bring his occupational disease under the Missouri Workmen's Compensation Act." The witness also identified a draft dated October 22, 1957, issued by his company, payable to Sadie Lee Roberts, in the amount of $490.-72, which draft lists the payee as claimant and defendant as employer. It recites, "accident date 6–17–57" and "compensation period from 6–27–57 to 10–16–57," and indicates that the sum paid was a partial as distinguished from final payment. It was endorsed by Sadie Lee Roberts and apparently paid by the insurance company. De-

fendant also read from the plaintiff's deposition which had been taken in this case. That testimony indicated that the doctor gave plaintiff the address of the insurance company and that she went to the office of the company and the following occurred: "And so I found some man, I don't know who it was, and try to get some understanding out of this, and they fixed it up. And they thought we was insured, you know. I don't know how they managed to pay off, but he paid off somehow or another."

The plaintiff offered in evidence a certified copy of the form which defendant filed with the Missouri Workmen's Compensation Commission accepting the amendment relative to occupational diseases, which form is dated May 31, 1957, and was filed with the Commission on June 18, 1957. Plaintiff's attorney also read questions and answers from the deposition of plaintiff to the effect that at the time she went to see the insurance man, no one advised her that she was making a claim under the occupational diseases act of the compensation law, and that she was not familiar with that act.

It should perhaps be observed that defendant made no effort to prove that any notice of its acceptance of the occupational diseases amendment had been posted in its premises and there was no proof that plaintiff had filed a claim for workmen's compensation benefits or had signed any of the forms used in connection with a claim under the Workmen's Compensation Law.

In its order sustaining the motion to dismiss the trial court did not indicate its conclusion as to whether, under the facts shown, plaintiff's remedy was, in fact, governed by the provisions of the Workmen's Compensation Act or whether plaintiff, by accepting the payment from defendant's insurer, was estopped to deny the applicability of said Act.

■ The first point briefed is that the matters relied upon in the motion constitute affirmative defenses which should have been pleaded in defendant's answer and cannot be properly raised in a motion to dismiss. We agree with that contention. It has been firmly established that the question as to whether or not the Workmen's Compensation Act, section 287.010 et seq., is applicable to a claim for which recovery is sought in a common law action is an affirmative defense and the burden of establishing same rests upon the defendant. McKay v. Delico Meat Products Co., 351 Mo. 876, 174 S.W.2d 149; McDaniel v. Kerr, 364 Mo. 1, 258 S.W.2d 629. Estoppel is designated as an affirmative defense by section 509.090. That section also provides that in pleading to a preceding pleading a party shall affirmatively plead matters constituting an affirmative defense. That would seem to mean that such defenses should be set up by a defendant in his answer. Moreover, section 509.400 provides that all defenses and objections for which there is no provision for raising by motion "shall be raised in the responsive pleading if one is permitted."

Section 509.290 sets out ten objections which are specifically authorized to be raised by motion. The defenses relied upon by the instant defendant in its motion to dismiss are not included in those ten objections. However, that section provides that those specified objections "and other matters" may be raised by motion. Some confusion and difference of opinion has arisen as to the scope of the phrase "and other matters." Carr, in his Missouri Civil Procedure, Vol. 1, page 147 of pocket parts, says that the phrase "refers to all matters that can be properly raised—that are expressly authorized to be presented—by motion, and particularly with regard to motions expressly authorized prior to the joinder of the pleading issues." In that connection it should be here noted that we have held that the affirmative defense of res judicata may be (but is not required to be) raised in a motion to dismiss. Hamilton v. Linn, 355 Mo. 1178, 200 S.W.2d 69. Carr, in the discussion heretofore cited, suggests that Hamilton and similar cases

are unsound and should be overruled. Among other reasons, he points out that section 509.340 provides that (except certain matters not here material) "A party waives all objections and other matters then available to him by motion by failure to assert the same by motion within the time limited by section 509.330." It is suggested that if affirmative defenses are available to be raised by motion they must be so raised or are waived and that such a conclusion would conflict with section 509.090 which specifies that affirmative defenses shall be set forth in a responsive pleading.

■ We need not, however, determine the soundness of the cases holding that the defense of res judicata may be raised in a motion to dismiss. That defense is generally, if not always, proved by record and documentary evidence and the cases recognize that res judicata raised by motion to dismiss "would dispose of an action groundless on the uncontroverted facts." Metcalf v. American Surety Co. of New York, 360 Mo. 1043, 232 S.W.2d 526, 530. Perhaps that is a sufficient basis for distinguishing those cases from cases involving other affirmative defenses. But that is not the situation in regard to the affirmative defense to the effect that the Workmen's Compensation Law is applicable to a claim for damages for which recovery is sought in a common law action. That question is ordinarily a highly contested fact issue to be determined from conflicting oral testimony. The issue may involve questions concerning the posting of notices, the number of employees, whether the injury occurred in the usual course of the employment, and other similar issues. Questions of estoppel must be similarly determined. As indicated by the court in the cases of Pogue v. Smallen, Mo.Sup., 285 S.W.2d 915, and McLaughlin v. Neiger, Mo.App., 286 S.W.2d 380, it is not the purpose of the motion provided for in section 509.290 to raise defenses which involve a real controversy in regard to a vital issue concerning the merits of a plaintiff's claim. To the same effect is the case of Agnew v. Union Construction Co., Mo.Sup., 291 S.W.2d 106, wherein it was held that the affirmative defense of accord and satisfaction should be set forth in a responsive pleading instead of being raised in a motion to dismiss.

■ The cases heretofore cited recognize that it is often desirable to consider a decisive issue (such as an affirmative defense) prior to a full trial and thus, in some instances, obtain an expeditious disposition of an action. However, to permit defenses such as those relied on in the case at bar to be raised in a motion to dismiss would be the equivalent of a disposition by summary judgment which is not authorized by our Code of Civil Procedure. Pogue v. Smallen, supra. Substantially the same result may be obtained, however, by another procedure which is authorized by the code. It is provided in section 510.180, subd. 2 that "The court in furtherance of convenience * * * may order a separate trial of * * * any separate issue * * * or issues." Therefore, in a proper case, the court may order a separate trial for the determination of issues contained in a defendant's answer such as the affirmative defenses defendant raised in the present motion. That very procedure was followed in the recent case of Wooten v. Youthcraft Mfg. Co., Mo.Sup., 312 S.W.2d 1, wherein the court ordered a separate trial of the defense (pleaded in the answer) that plaintiff's claim was governed by the Workmen's Compensation Act.

Defendant has cited the case of Neff v. Baiotto Coal Co., Mo.Sup., 234 S.W.2d 578, wherein the trial court dismissed plaintiff's action after a hearing upon a motion to dismiss based upon the contention that plaintiff had elected to recover compensation under the Workmen's Compensation Act and hence could not maintain a common law action. That case, however, does not support defendant's contention herein because the question as to the propriety of raising that defense by motion was not

raised or considered in the opinion and, of course, was not decided therein.

As indicated, we rule that the court erred in sustaining the motion to dismiss because the defenses set forth therein could not properly be considered as a basis for relief by motion.

As we have heretofore stated, the facts were not fully developed upon the hearing of the instant motion. It is reasonable to assume that when those issues are again presented in the trial court evidence will be offered which will disclose additional facts. We have also ruled that the defenses set up in the motion could not properly be raised in a motion to dismiss. In that situation we cannot rule upon the merits of the defenses set up in defendant's motion and deem it inadvisable to express any very definite views concerning the merits of said defenses as any statement in that regard might be inapplicable to the factual situation presented at another hearing. It may not be amiss, however, to make certain observations in regard to those matters.

Section 287.020, subd. 4 contains the following: " * * * nothing in this chapter contained shall be construed to deprive employees of their rights under the laws of this state pertaining to occupational diseases, unless the employer shall file with the commission a written notice that he elects to bring himself with respect to occupational disease within the provisions of this chapter and by keeping posted in a conspicuous place on his premises a notice thereof to be furnished by the commission, and any employee * * * remaining in such service thirty days after the posting of such notice shall be conclusively presumed to have elected to accept this section * * *." Since it appears from exhibits in evidence that plaintiff's accident occurred on June 17, 1957, and that defendant's election with respect to occupational diseases was not filed with the Commission until June 18, 1957, it would not seem that plaintiff could be said to be conclusively presumed to have elected to accept the foregoing section.

As stated, defendant also contends that plaintiff is estopped to deny the applicability of the Workmen's Compensation Act to her claim by reason of her acceptance of the payment heretofore described. We have found no case in this state which has ruled that question under circumstances such as here presented. The case of Neff v. Baiotto Coal Co., supra, cited by defendant, does not support its contention. In that case a statute gave the employee the right to elect between a remedy under the compensation law or a common law action. In that situation it was very properly held that acceptance of weekly compensation checks for approximately a year constituted an election to be bound by the compensation law. But it should be noted that in the present case there was no right to elect between two inconsistent remedies. The Workmen's Compensation Act is wholly substitutional in character and if that Act is applicable it supersedes any rights which a plaintiff might have had at common law. In other words plaintiff's remedy was either under the compensation law or by suit at common law, as determined by the facts, but there is no right of election, in this case, between the two.

In other jurisdictions there is a division of authority upon the question here presented and in many cases the decision turns upon the provisions of a particular statute. Those interested in the question may obtain some assistance from the following authorities: Annotation, 50 A.L.R. 223; 58 Am.Jur., Workmen's Compensation, § 65, p. 620; 101 C.J.S. Workmen's Compensation § 936, p. 392; Schneider, Workmen's Compensation, Vol. 1, § 99, p. 240; Carter v. Uhrich, 122 Kan. 408, 252 P. 240; Adams v. Kentucky & West Virginia Power Co., 102 W.Va. 66, 135 S.E. 662, 50 A.L.R. 217.

The judgment of dismissal should be reversed and the cause remanded for further

proceedings in accordance with the views herein expressed.

It is so ordered.

COIL and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

HOLLINGSWORTH, DALTON and WESTHUES, JJ., concur.

HYDE, P. J., concurs in result.