No. 25,514.

J. E. HOOPS, *Appellee*, v. THE PHŒNIX UTILITIES COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. MASTER AND SERVANT—*Injury to Fingers—Injury Occurred "About" Workman's Employment—Arbitration.* A company engaged in engineering work as defined by R. S. 44-508 had ties shipped in and unloaded at a station half a mile from the nearest point of the railway track under construction. There the ties were loaded and hauled by employees of the company to places where they were needed in the railroad track which was being constructed. *Held,* the place where the ties were so loaded was "about" the work of the company as that word is used in R. S. 44-505.

2. SAME—*Award Not Excessive.* A complaint that the amount of the award was excessive is examined and held to be without substantial merit.

Appeal from Labette district court; ELMER E. CLARK, judge. Opinion filed July 5, 1924. Affirmed.

*P. D. Gardiner, O. W. Helsel,* both of Wichita, and *L. E. Goodrich,* of Parsons, for the appellant.

*Carl V. Rice,* of Parsons, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an appeal from an award and judgment in favor of the employee in a case arising under the workmen's compensation act. Appellant contends, first, that the accident causing the injury did not occur "on, in or about" the work of the employer as that term is used in R. S. 44-505; and second, that the compensation allowed is excessive.

The Phœnix Utilities Company had a contract for constructing a railroad spur track about four miles long from a point on the Frisco right of way one-half mile from Straus, Kan., south to Service. Ties used in constructing the spur track were shipped by rail to Straus and there unloaded from the car. Employees of appellant then loaded the ties on wagons and hauled them to places along the spur track wherever needed. Appellee was a teamster in the employ of appellant, hauling ties. While loading ties at Straus and straightening the ties on his load as they were thrown on by other employees of appellant, his hand was caught between two ties, causing him injury. Appellant contends that it had no supervision or control over the right of way or yards of the Frisco at Straus;

that the track it was constructing began half a mile from there; hence that appellee was not "on, in or about" its work or any premises under its control. The statute applies to "employment in the course of the employer's trade or business on, in or about . . . building or engineering work. . . ." (R. S. 44-505.) "Engineering work means any work in the construction, alteration, extension, repair or demolition of a railway. . . ." (R. S. 44-508.) The word "about" as used in the statute is one of locality. (*Bevard v. Coal Company,* 101 Kan. 207, 214, 215, 165 Pac. 657; *Hicks v. Swift & Co.,* 101 Kan. 760, 762, 168 Pac. 905.) The appellant in this case was engaged in the construction of a railway. The yards at Straus, where its material was piled, was as much a part of the locality of its work as was the place along the route of the railroad being constructed where they were unloaded, and it is not material who owned the ground or right of way of the Frisco where the injury occurred any more than who owned the ground or right of way where the material was being unloaded.

Appellant contends that the award is excessive. Appellee's hand was caught between two ties and injured. Within five days thereafter he told appellant's superintendent of the injury and spoke of it as having his finger mashed. Within ninety days he filed with appellant a claim for damages, which stated, "His little finger on his left hand was crushed, totally disabling him from performing manual labor for a period of over two months. The first joint of the finger was crushed, and claimant is informed by his physician that the second joint of the finger will be permanently stiff." He claimed permanent partial disability, and stated that he had expended and was liable for about $5 for medical attention. Later, and within due time, he made a demand upon appellant for arbitration and an application for the appointment of an arbitrator, which recited, "His little finger on his left hand was crushed between two ties; that because of this injury he was totally disabled from performing his duties or any part thereof for a period of about two months; that by reason of this injury he is permanently partially disabled." The appellant, in writing, waived notice of, the application for the appointment and agreed that an arbitrator might be appointed, but stated that the company "does not waive any defense that it may be entitled to present to said arbitrator." In the hearing before the arbitrator it developed that the finger was stiff, the tendons being drawn, and that this injury was permanent; that

there was a fracture of the end of the ulna in the wrist, and that this probably caused the drawing up of the tendons which made the finger stiff. Appellant's complaint is that no claim was made for damages because of an injury to the wrist; that it never gave its consent to arbitrate any claim for damages for a wrist injury; that the arbitrator was without authority to hear evidence pertaining to the wrist injury, and that the award was improperly based upon evidence of injury to the finger and injury to the wrist.

Appellant's complaint in this respect is not so well founded as it would have it appear. When plaintiff made written claim for compensation defendant asked him to submit to an examination by its physician. This was done. Defendant's physician took an X-ray photograph of the hand and wrist and discovered the fracture of the end of the ulna bone in the wrist, but said nothing to plaintiff about that. Plaintiff's physician did not use the X-ray and thought the injury in the wrist was a sprain, temporary in its nature, and that the permanent disability was in the finger. At the hearing before the arbitrator the X-ray was used and plaintiff for the first time learned of the fracture in the wrist. Upon a hearing before the court of exceptions to the findings of the arbitrator, defendant contended that plaintiff's claim had been shifted since it had been filed, by a claim of an injury to the wrist in addition to the injury to the finger, and that it had not consented to an arbitration of that injury. The court permitted defendant to offer all the evidence it desired to offer on the injury to the wrist. This tended to disclose that the fracture in the wrist caused the tendons leading to the finger to be drawn, and this was what made the finger stiff. The award allowed was the minimum for partial permanent disability and is the same award that would have been allowed had the proof simply shown the finger to be stiff as a result of the accident without any showing at all as to an injury to the wrist. Hence there is no theory of the case upon which it can be said to be to defendant's detriment that evidence was offered concerning the wrist injury. With this view of the case it is not necessary to discuss some of the specific points attempted to be raised by appellant.

The judgment of the court below is affirmed.