No. 27,262.

HAROLD STROSNYDER, Substituted for J. R. OYLER, Guardian, *Appellant,* v. J. M. STROSNYDER, *Appellee.*

### SYLLABUS BY THE COURT.

WORKMEN'S COMPENSATION ACT—*Injuries Within Act—On, in or About Factory.* The facts considered in an action for compensation, and *held,* a tool-pusher who was injured while transporting drilling tools from a place of storage to a distant oil well, was not injured on, in or about any place to which the workmen's compensation act applies.

Appeal from Sedgwick district court, division No. 1; J. EVERETT ALEXANDER, judge. Opinion filed April 9, 1927. Affirmed.

*R. R. Vermilion, Earle W. Evans, Joseph G. Carey, W. F. Lilleston, Bryan K. Perrault,* all of Wichita, *Charles M. Bush* and *Robert M. Murray,* both of Kansas City, Mo., for the appellant.

*P. D. Gardiner* and *O. W. Helsel,* both of Wichita, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for compensation. Probably to defendant's great disappointment, judgment was rendered in his favor on plaintiff's petition and opening statement. Plaintiff appeals.

J. M. Strosnyder was engaged in drilling for oil and gas in various localities, was under the workmen's compensation act, and carried accident insurance to protect his liability as an employer. Harold Strosnyder was J. M. Strosnyder's son. Harold held the job of tool-pusher for his father, one of his duties being to transport tools from place to place as needed. While engaged in transporting tools from a place of storage on the Craig lease southeast of Augusta to the Klutter lease southwest of Wichita, he sustained injuries in an automobile accident on the public highway between Augusta and Wichita. Harold was a minor. His father's confidential bookkeeper was appointed guardian for him, and the guardian commenced action against the father for compensation. Subsequently, rights of majority were conferred on Harold, and he was substituted as plaintiff. The insurance company whom the father had been importuning to pay compensation, took charge of the defense.

Workmen's Compensation Acts, C. J. p. 82 n. 42; L. R. A. 1916A, 193; 28 R. C. L. 717.

The accident occurred eighteen miles from the Craig lease and forty miles from the Klutter lease. Plaintiff relies on *Wise v. Central Dairy Co.,* 121 Kan. 258, 246 Pac. 501, and other cases discussing and applying the danger-zone doctrine. That doctrine cannot be stretched to include the accident in the present case.

The judgment of the district court is affirmed.