No. 29,108.

CHARLES FOX, *Appellant,* v. THE VICTORY ICE COMPANY and THE CITY ICE COMPANY, *Appellees.*

(284 Pac. 382.)

Opinion filed February 8, 1930.

*Randal C. Harvey,* of Topeka, for the appellant.

. *Irwin Snattinger, Hugh T. Fisher, E. B. Smith,* all of Topeka, and *E. R. Adams,* of Kansas City, Mo., for the appellees.

The opinion of the court was delivered by

JOCHEMS, J.: This action was brought under the old workmen's compensation law (R. S. 44-501 *et seq.*) to recover for injuries sustained by a workman while delivering ice upon a regular city route of defendants' factory. A demurrer to the amended petition was sustained on the ground that the accident did not occur "on, in or about" the premises of the defendants, and plaintiff appeals.

The amended petition alleges, in substance, the defendants' method of operation; the fact that ice is manufactured at the factory and then placed upon wagons or trucks and delivered over a regular route; that wagons and trucks belonging to the defendants are sent out daily along such regular routes to serve all customers who display cards; that a substantial part of the labor of preparing the ice for the customer is performed on the wagon and on the customers' premises, including the cutting of large pieces of ice into smaller ones and fitting them to the customers' refrigerators. The amended petition contains the further allegation that—

"For such purposes the defendants adopt and have adopted the designated streets and alleys on such routes and the premises of their customers thereon as a part of the zone of operations of their business; and the same are a part of the zone of danger of defendants' factory; and plaintiff was injured as

herein alleged in such zone, and in the regular performance of the duties above set out upon the regular route assigned to him."

The amended petition further alleges that on February 18, 1927, the plaintiff sustained personal injuries while carrying ice from the wagon or truck of defendants on his regular route, and that on said date he was carrying 150 pounds of ice on his back from the street to the Rogers bakery at 529½ Topeka avenue, Topeka, Kan. Plaintiff contends that inasmuch as the employers had assigned to him a definite, regular route of travel upon which he should make deliveries, and the further fact that certain changes in the form and size of the cakes of ice were made by plaintiff from time to time in the making of his deliveries, that his case comes within the compensation act. Plaintiff calls attention to the fact that in prior decisions of this court, viz., *Bevard v. Coal Co.*, 101 Kan. 207, 165 Pac. 657, and the recent case of *Iott v. Mosby*, 126 Kan. 294, 268 Pac. 109, the court comments upon the fact that the route was not designated by the employer. Plaintiff cites the case of *Tierney v. Telephone Co.*, 114 Kan. 706, 220 Pac. 190, in support of his contentions, and points out that in that case the employee was allowed to recover for injuries sustained while assisting a lineman in the making of an inspection of the telephone line. The plaintiff there was engaged in a line of work which came under the classification of "electrical work" which is clearly defined in the statute.

In the instant case the liability of defendants, if any, must be predicated upon the fact that the plaintiff was injured while in their employ "on, in or about" their factory. The act itself defines a factory as follows:

" 'Factory' means any premises wherein power is used in manufacturing, making, altering, adapting, ornamenting, finishing, repairing or renovating any article or articles for the purpose of trade or gain or of the business carried on therein, including expressly any brickyards, etc. . . ." (R. S. 44-508.)

In other words, it is the plant or premises wherein the article of merchandise is manufactured and made ready for sale.

The plaintiff contends that if the defendants had wished they could have sent the ice out on the wagons already cut into cakes of 25, 50, 75 and 100 pounds, but that on account of the well-known tendency of ice to melt faster in small pieces, and because it is more convenient for defendants to do so, they require the workmen on the wagons "to do this part of the factory work on the route and even on the customers' premises themselves, just as a telephone company

does when it sends men on the highways to do the telephone work there." As above stated, the telephone case is based upon the clause in the statute relating to "electrical work," and the "on, in or about" clause applies to any premises upon which the electrical work of the telephone company must necessarily be carried on, through, and by means of, its lines. The contention of the plaintiff as to the doing of a portion of the factory work on the wagons, namely, cutting the large pieces of ice into smaller ones, might have some merit if it were not for the fact that the word "factory" as hereinbefore used is defined as "any premises wherein power is used." Now what is meant by "power" as so used in that definition?

This court has previously considered that question in *Menke v. Hauber*, 99 Kan. 171, 160 Pac. 1017, wherein it was said:

"We think it is clear that by the word 'power' the legislature did not intend to include hand power, but had reference to mechanical power. The plaintiff makes the contention that before the court can so determine it must indulge in legislation. We do not think so. It is only necessary to use ordinary common sense in order to arrive at the intent of the legislature. The context of the act shows that the word 'power' must necessarily have reference to energy developed by machinery. If hand power were intended to be included, the legislature would have omitted the use of the word 'power' entirely and would have merely declared that 'factory' means any premises used in 'manufacturing, making, altering,' etc." (p. 173.)

At page 175 in the above case the court continues:

"This court has always recognized the obligation resting upon it to give to the compensation law a liberal construction in order to carry into effect the provisions of the legislature, but we have no right to extend its construction to cover enterprises and industries not within the scope and intent of the law."

Following the above case, and *Hicks v. Swift & Co.*, 101 Kan. 760, 168 Pac. 905, and *Iott v. Mosby*, supra, the trial court correctly sustained the demurrer of the defendants. The plaintiff did not receive his injury "on, in or about" the premises of the defendants within a fair and reasonable interpretation of the compensation act.

The judgment is affirmed.

HARVEY, J., not sitting.