No. 29,212.

George Bryant, *Appellee,* v. The Meyer Coal, Ice, Storage and Transfer Company, *Appellant.*

(286 Pac. 222.)

Opinion filed April 5, 1930.

*A. M. Etchen,* of Kansas City, for the appellant.
*W. W. McCanles,* of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

Jochems, J.: This was an action for compensation under the former workmen's compensation law. (R. S. 44-501 *et seq.*) Judgment was awarded to plaintiff, and defendant appeals.

The alleged injury occurred on December 31, 1926. Plaintiff was in the employ of the defendant and was unloading coal from a Rock Island coal car which had been sidetracked on the Burlington switch at Seventh and Choctaw streets in Leavenworth, Kan. The defendant company, by whom plaintiff was employed as a driver of one of its trucks, operates a coal yard and an ice and cold-storage business. Its yard and plant were located between Third and Fourth streets on Choctaw street, about three blocks distant from the point where the plaintiff was working when he was injured. Plaintiff drove a truck from the yard of defendant to the car which was being unloaded. This car was standing on the public switch located

as above noted. Neither the railroad car nor the switch track belonged to the defendant, but belonged to a railroad company. Defendant had nothing to do with the operation of the railway or the switch track connected therewith.

Plaintiff alleged that he was assisting in unloading a car of coal and in handling a large chunk of coal, weighing a couple of hundred pounds, as he estimated it, he claimed that in lifting the coal he suffered an injury in that he sprained his back, spine and spinal column so that he was totally incapacitated from December 31, 1926, until in March, 1927, and that from the time he sustained the injury he suffered and is still suffering permanent partial disability. He agreed to arbitrate, but the company refused and he then brought this suit. The matter was decided before a jury which made answers to special questions, among which were the following:

"Was the plaintiff injured while working at the defendant's trade or business on, in or about a railway?  A. Yes.

"At the time the plaintiff was injured was he working at the place designated for him to work by the defendant?  A. Yes."

The jury further found that the plaintiff was totally incapacitated for work about three months and that partial incapacity was permanent;. that his injuries were ascertainable by objective examination and that while his average wage per week before the injury was $28.50, he has since then been able to earn only $60 per month. The court awarded plaintiff judgment for $3,437.40.

The appellant contends that the district court should have sustained a demurrer to plaintiff's evidence and should have ordered judgment for defendant on the ground that the evidence showed that the injury received by plaintiff, if any, did not occur "on, in or about" the premises of the employer.

The appellee, on the other hand, calls attention to the statute, R. S. 44-505, containing the language, "that this act shall apply only to employment in the course of the employer's trade or business on, in or about a railway. . . .," and urges that the judgment should be affirmed. He contends that inasmuch as the act does not say "its railway" or "the employer's railway" it is manifest that the judgment should be affirmed. He further contends that the railway was adopted by the defendant as a part of its premises for the doing of the work assigned to plaintiff; that by sending plaintiff to the point where he was injured the defendant extended the zone of its operations to that point. The appellee

cites, among other cases in support of the judgment, the following: *Tierney v. Telephone Co.*, 114 Kan. 706, 220 Pac. 190; *Hoops v. Utilities Co.*, 116 Kan. 598, 227 Pac. 332; *Pegg v. Postal Telegraph Co.*, 129 Kan. 413, 283 Pac. 58.

In *Carter v. Uhrich*, 122 Kan. 408, 252 Pac. 240, the Tierney and Hoops cases were discussed and the reasons pointed out plainly as to why the law was construed as it was in those cases. At page 411 the court said:

"The cases of *Tierney v. Telephone Co.*, 114 Kan. 706, 220 Pac. 190, and *Hoops v. Utilities Co.*, 116 Kan. 598, 227 Pac. 332, are cited by appellant as indicating a tendency to get away from the rule applied in *Hicks v. Swift & Co.*, and *Bevard v. Coal Co.*, supra. Hardly so. The Tierney case and Hoops case were decided on the point that the injuries in each case arose in the course of the employments expressly covered by the terms of the compensation act. The pertinent statute in part reads:

" 'That this act shall apply only to employment in the course of the employer's trade or business on, in or about a factory, mine . . . electric . . . or engineering work . . . each of which employments are hereby determined to be especially dangerous . . .'

"In the Tierney case plaintiff's employment involved the charging of electric batteries, which constituted 'electric' work, and the zone of danger 'on, in or about' the telephone company's 'electric' work was wherever its wires were strung and wherever its employees had to go to serve their employer in that kind of work. In the Hoops case the plaintiff's injuries arose in the course of his employment in behalf of a master who was engaged in building a railroad, an 'engineering work' within the express terms of the statute. In the Hicks and Bevard cases plaintiffs were defeated because they could not bring their accidental injuries within the terms of the statute, while in the Tierney and Hoops cases the injured workmen were within its express terms."

The Pegg case, *supra*, was one which arose under the new workmen's compensation law (Laws of 1927, ch. 232), and was specifically based upon the proposition that the plaintiff was engaged in "electric work" within the definition as set forth in section 8 of the act. The case of *Bevard v. Coal Co.*, 101 Kan. 207, 165 Pac. 657, is one in which this court gave a very exhaustive consideration to the meaning of the term "on, in or about." It set forth at great length some of the holdings of the courts of England in construing the same phrase in the workmen's compensation act in England and points out that our own workmen's compensation act was modeled after the one adopted in England in 1897. In the Bevard case, *supra*, the court said:

"The act is a restricted one. Employments especially and inherently dangerous to life and limb, and none other, were included. The hazards

were the necessary and peculiar hazards attending railroading, factory work, mining and the like. There is no anomaly in distinguishing between trainmen and yardmen working on or about a railroad, and railroad employees working in a distant office building where they are as secure from the peculiar hazards incident to railroading as the employees of a bank. Likewise, a factory drayman when in the course of his employment elsewhere than at the factory is no more exposed to extraordinary risk from the nature or condition of the work carried on there than a grocer's drayman. Consequently the act was extended, not to employment in the course of the employer's business generally, or wherever conducted, but the employer's business at designated places." (p. 214.)

The term "on, in or about" as used in the act under which plaintiff recovered his judgment has been thoroughly discussed and its meaning repeatedly determined in the following cases: *Hicks v. Swift & Co.*, 101 Kan. 760, 168 Pac. 905; *Alvarado v. Rock Crusher Co.*, 109 Kan. 192, 197 Pac. 1091; *Strosnyder v. Strosnyder*, 123 Kan. 252, 254 Pac. 1040; *Iott v. Mosby*, 126 Kan. 294, 268 Pac. 109; *Fox v. Victory Ice Co.*, 129 Kan. 778, 284 Pac. 382.

It requires a fanciful flight of the imagination to place a construction on the act such as the appellee contends should be done. It is manifest that when the act specifies that it "shall apply only to employment in the course of the employer's trade or business on, in or about a railway" it necessarily means that the employer's principal business must be that of operating the railway, or that the employer must operate the railway in connection with its principal business. In the present case the defendant was not engaged in the railroad business. It was in the coal, ice and cold-storage business —something entirely foreign to the business of operating a line of railway. Nor does the fact that the employer in this case sent the plaintiff to the switch track to unload the car of coal extend the danger zone of its factory or place of business to the railroad track. To permit such a construction as contended for by the appellee would be to say that the employer would be liable under similar circumstances even if the railway were situated several miles away from the plant. It would mean, also, that if a workman employed by a mining company in its mine were sent to a powder factory for some blasting powder, and while at the factory suffered an injury, the employer would be liable under the act for such injury notwithstanding the "on, in or about" provision of the law. Such a construction of the statute is illogical and unsound. .

The judgment is reversed and the cause remanded with instructions to the trial court to enter judgment in favor of the defendant.