No. 32,755

MARY T. STAGER, *Appellee,* v. THE SINCLAIR REFINING COMPANY, *Appellant.*

(54 P. 2d 969)

■■■■■

■■■■■■■■■■■■■■■■■■

Opinion filed March 7, 1936. ■■■■■

*Carl E. Ziegler,* of Coffeyville, and *Walter E. Brown,* of Kansas City, Mo., for the appellant.

*Lester M. Goodell, Randal C. Harvey* and *Paul L. Harvey,* all of Topeka, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action under the workmen's compensation act. The commissioner of compensation found for the claimant, awarding compensation. The employer appealed to the district court, where the case was heard on the record made before the commissioner. The district court found for the claimant and awarded compensation. The employer appeals.

The facts with which we are concerned are simple. The respondent is engaged in the business of drilling for and producing oil and refining it. It is also engaged in the operation of filling stations in the state for the purpose of selling its products to the public. One of these stations was located at Third and Jackson

streets in Topeka. The husband of claimant was injured during the course of his employment at this station. His injuries resulted in his death.

At the hearing before the commissioner, respondent argued that deceased was not an employee of respondent and that the work he was doing when he was injured was not under the act. In the brief in this court respondent abandons its first defense and relies wholly upon the second. We are only concerned then with the contention that the employment in which the injured employee was engaged was not under the act. The position of respondent is that the work at which the workman was engaged was not any of those covered in R. S. 1933 Supp. 44-505. This act is, in part, as follows:

"That this act shall apply only to employment in the course of the employer's trade or business in the following hazardous employments: railway, motor transportation line, factory, mine or quarry, electric, building or engineering work, laundry, natural gas plant, county and municipal work, and all employments wherein a process requiring the use of any dangerous explosive or inflammable materials is carried on, each of which employments are hereby determined to be especially dangerous, in which from the nature, conditions or means of prosecution of the work therein, extraordinary risk to the life and limb of the workmen engaged therein are inherent, necessary, or substantially unavoidable, and as to each of which employments it is deemed necessary to establish a new system of compensation for injuries to workmen. . . . *Provided,* That employers whose work, trade or business is not such as described and included in this section of this act, and employers commencing or renewing in this state any work, trade or business, may elect to come within the provisions of this act by filing with the commission a written statement of election to accept thereunder and such election shall be effective when so filed, and such election shall continue in effect unless and until such employer thereafter desiring to change his election shall do so by filing a written declaration thereof with the commission, and the employee of any such employer so filing such election shall be included herein unless such employee elects not to come within this act as provided by section 51 of this act, and if the employee of such employer elects not to come within the provisions of this act, as herein provided, such election shall continue in effect unless and until such employee thereafter desiring to change his election shall do so by filing a written declaration thereof with the commission."

The argument is that since filling stations are not named in the above section and since filling stations do not come under the definition of "factory" as contained in R. S. 1933 Supp. 44-508 (b) or "engineering work" as defined in R. S. 1933 Supp. 44-508 (g) then the employment in one is not covered by the act.

The claimant points out that the respondent is engaged, among

other things, in operating refineries in Kansas for the purpose of refining gasoline from crude oil. There is no doubt that this is an employment that comes under the act and that the maintenance of the filling stations is the method used by respondent to sell the product of its refineries to the public. It is argued that the business of respondent must be viewed as a whole and that when thus viewed all of the employees of respondent are under the act whether they are employed in the refinery or in the retail department of the company. This view was adopted by this court in the case of *Pegg v. Postal Telegraph-Cable Co.*, 129 Kan. 413, 283 Pac. 58. In that case the business of the employee was delivering messages from person to person. This was done by picking up a message, taking it to the office, putting it on the wire, receiving it at the destination and delivering it to the addressee. Part of this work was done by means of telegraph instruments and wires and consequently was electrical work and under the act. The other work mentioned was that of a messenger boy who walked or rode a bicycle and carried the message from the telegraph office to the addressee. This court held that this work came under the act even though the messenger boy did no electrical work at all.

This court had the question under consideration in the case of *Kennedy v. Hull & Dillon Packing Co.*, 130 Kan. 191, 285 Pac. 536. The injured employee in that case was a traveling salesman for a packing house. This court held:

"A traveling salesman for a packing house was employed to solicit orders for goods and make collections from customers in an allotted territory, including several counties, and to travel over the territory in an automobile in the performance of his duties. While traveling over a highway he came in contact with a wire of high voltage and was killed. Compensation was claimed under the workmen's compensation act. It is held under the evidence that his death occurred within the allotted territory and in the course of his employment." (Syl. ¶ 1.)

To the same effect is *Woods v. Jacob Dold Packing Co.*, 141 Kan. 363, 41 P. 2d 748. We are unable to perceive any distinction between the case at bar and the above case. No doubt the employee of respondent working in one of its filling stations was performing a necessary part of the work in getting the product of the refinery from crude oil in the ground to the gasoline tank of the motorist. The work at the refinery would not be of much worth to the employer if none of its products finally reached the consumer. Respondent in this case has adopted the method of doing business of

refining its gasoline and selling it to the retail trade by means of filling stations. Having done this, all of its employees, whether engaged in work at the refinery or in the work of selling the gasoline to the public, are under the workmen's compensation act.

The judgment of the trial court is affirmed.

HARVEY, J., not sitting.