No. 33,953

Joseph James Gillispie, Jr., by His Mother and Next Friend, Mrs. Mary Josephine Gillispie (Claimant), *Appellant*, v. Al Martin, d. b. a. Martin Oil Company (Respondent), *Appellee*.

(82 P. 2d 1091)

Opinion filed October 8, 1938.

*Keene Saxon* and *Robert Jones,* both of Topeka, for the appellant.

*Frank H. Thompson, J. H. Brady* and *N. E. Snyder,* all of Kansas City, for the appellee.

The opinion of the court was delivered by

Thiele, J.: This was a proceeding under the workmen's compensation act. The commissioner made an award allowing compensation to the claimant. On appeal the district court found for the respondent and denied compensation. The claimant appeals.

As presented to this court, the real question is whether the respondent was engaged in the business of operating a motor transportation line. Such disputes as there were at the hearing as to the number of men employed by respondent, whether he had notice, whether proper claim was made, and whether the present claimant was a dependent, have all been resolved in favor of the claimant, and the sole question for our consideration being whether respondent was under the workmen's compensation act, our statement of facts will be limited.

Respondent operated a bulk station in Kansas City, Kan., from which he supplied gasoline, and perhaps other petroleum products, to five retail filling stations on which he held leases, but which were operated by lessees to whom he sold, also to two or three other retail filling stations, and he also made deliveries to users at the Wyandotte county lake, then under construction. It was shown that re-

spondent used four trucks in making such deliveries, that he had more than five employees, and that he did not manufacture any of the products sold by him. The record is silent as to how the products reached the bulk station.

On May 12, 1937, Joseph James Gillispie, driver of one of the trucks, had delivered a load of gasoline to the Wyandotte county lake location and had returned to the bulk plant to make city deliveries. He went into the office to get an order directing where to make delivery and walked out by the truck. No one seems to have witnessed what occurred, but in a fire which destroyed the truck, whatever contents it contained, the office and the records, Gillispie received injuries from which he died. The deceased workman and his wife had been divorced. The claimant is the son of the decedent.

The workmen's compensation act (G. S. 1935, 44-505) limits its field of operation to employment in the course of the employer's trade or business in railway, *motor transportation line,* factory, mine or quarry, etc., and to all employments wherein a process requiring the use of any dangerous or inflammable materials is carried on. Prior to 1927 the words "motor transportation line" were not included in the act. In *Dodson v. Sales Co.,* 110 Kan. 481, 204 Pac. 532, decided in 1922, where the driver of a truck transporting gasoline died as the result of a collision between the truck he was driving and another truck owned by the defendant, it was held that the development of power in a truck engine by the use of gasoline was not such a "process" as brought the employer within the terms of the act. Appellant recognizes that had the statute not been amended he would be barred from recovery if the above case be followed. He argues, however, that the words "motor transportation line," inserted in the act in its general revision in 1927, are sufficiently broad that the trial court erred in holding, in effect, that the respondent was not engaged in business as a "motor transportation line." It should be noted that the respondent here is not to be held liable unless he was so engaged. There was no evidence that he manufactured any of the products he distributed, and there was no evidence that he used any process requiring the use of any dangerous explosive or inflammable materials, nor is it so claimed.

Under our workmen's compensation act, mere operation of a motor-driven vehicle is not a hazardous employment. It may be said that the deceased workman was engaged in about the same kind of work and assumed about the same risks as though he were driving a motor

truck for a concern engaged exclusively in transporting gasoline or some other dangerous article from one definite point to another definite point along a prescribed route, but whether the act applies is to be determined not by what he did, but by the business in which his employer was engaged. The test is: Was the employer's business within the purview of the act? As was said in *Shrout v. Lewis*, 147 Kan. 592, 77 P. 2d 973:

"In order to bring an employer within the act it is not enough that the work at which the laborer is employed is covered by the act, but it is also necessary that the work shall be a part of his employer's trade or business. (G. S. 1935, 44-503, 44-505; *Setter v. Wilson*, 140 Kan. 447, 449, 37 P. 2d 50.) In other words, it is the purpose of workmen's compensation acts to place the burden of compensation for accidents to employees upon the industry rather than upon the individual employer." (p. 594.)

In that case it was recognized that a person might be engaged in two occupations, one of which subjected him to the provisions of the act, and the other not, and that it was a question of fact as to whether he was sufficiently engaged in the first that he was subject to liability. It does not follow, however, that one engaged in a business clearly outside the act is liable to a workman because the type of work done might otherwise be within the terms of the act (*Setter v. Wilson*, 140 Kan. 447, 37 P. 2d 50). It must appear the employer's trade or business brings him within the terms of the act. If it does, the workmen are entitled to its benefits (*Pegg v. Postal Telegraph-Cable Co.*, 129 Kan. 413, 283 Pac. 58; *Kennedy v. Hull & Dillon Packing Co.*, 130 Kan. 191, 285 Pac. 536; *Stager v. Sinclair Refining Co.*, 143 Kan. 517, 54 P. 2d 969). Thus it became necessary for the trier of the facts to determine what the trade or business of the employer was and whether it was one of those included in the workmen's compensation act. The commissioner found that the respondent was subject automatically to the provisions of the act; the district court, on the contrary, found he was not engaged in a hazardous employment and that he had not elected to accept the provisions of the act. Insofar as this may be a question of fact, the finding of the district court is conclusive here.

If the evidence showed respondent was engaged in the business of selling gasoline and petroleum products at wholesale, and it is not contended that such a business is covered by the compensation act, does the fact that he causes delivery of those products to be made to his customers, warrant a conclusion that he is also engaged in the business of a motor transportation line? To reach such a conclu-

sion it must have been found respondent was engaged in two businesses. Appellant's contention is that respondent was engaged in business as a "motor transportation line." Each refers to that part of the following definition which seems to lend strength to his position:

"Line 26. (a) A number of public conveyances, as carriages or vessels, plying regularly under one management over a certain route; as a *line* of stages; the American *Line* to Southampton. (b) Any system of transportation or the equipment by which it is carried on; also, the company or business organization owning or operating it; as, the main *line* of the old Dominion *Line;* the Pennsylvania *Line."* (Webster's New International Dictionary, 2d ed., p. 1435.)

And in the same work the word "transportation" is defined as follows:

"1. Act of transporting, or state of being transported; carriage; removal; *specif.,* systems and modes of conveyance of persons or goods from place to place." (p. 2694.)

Giving to the words of the statute their ordinary meanings, it must appear that, measured by the above definitions, a clear demarcation cannot be made. Actually all the evidence showed was that respondent delivered his own wares to purchasers, most of whom were at fixed locations, but some of whom may not have been. In most respects, except as to the kind of merchandise carried, the situation was the same as though a wholesaler or jobber of ordinary merchandise were delivering to his customers.

Any examination of cases bearing on the question of liability under various workmen's compensation acts will disclose that much depends on the terms of the act, for in some of them mere transportation of goods is sufficient to bring the employer within the terms of the act. In the majority of cases it would seem that delivery of goods by an employer to a customer, as a mere incident to other business, does not bring him within the terms of the workmen's compensation act (71 C. J. 373, 389 [Workmen's Compensation Acts §§ 84, 113]).

In *Mobley v. Brown,* 151 Okla. 167, 2 P. 2d 1034, it was held that an employee using a motorcycle to make deliveries for a drugstore was not engaged in a hazardous employment as defined in the workmen's compensation act of that state. The above case is also reported in 83 A. L. R. 1014 and is followed by an annotation on who are within the provisions of workmen's compensation acts relating to hazardous employments or occupations, and at page 1057 thereof

may be found citation of many cases dealing with the rights of drivers of vehicles.

Appellant directs our attention to certain cases which will be noticed briefly. Because of similarity of facts, he relies strongly on *Floro v. Ticehurst*, 147 Kan. 426, 76 P. 2d 773, a case where a driver of a truck used to transport gasoline was killed, and where recovery was allowed. Reference to the abstract in that case shows it was stipulated both parties were under the act. For that reason there is nothing in the opinion that bears on the question now before us.

Appellant also relies on *Johnson v. Arma Elevator Co.*, 146 Kan. 965, 73 P. 2d 1018. In that case the question was whether claimant was an employee of the respondent. The abstract in the case showed respondent had elected to come within the provisions of the workmen's compensation act, hence the question now before us was not there considered.

Our attention is also directed to *Stager v. Sinclair Refining Co.*, 143 Kan. 517, 54 P. 2d 969, and it is argued therefrom that because one or more employees transported gasoline by motor truck, the business should be considered as a whole and held to be within the workmen's compensation act. In that case there was no doubt that the respondent, as to its principal activities, was within the terms of the act. The contention of the respondent was that claimant's decedent was not an employee of the respondent in the hazardous part of its business; that filling stations were not included in the hazardous employments named in the workmen's compensation act and therefore it was without liability. The commissioner and the district court held that the business must be considered as a whole, and this court on appeal held to the same effect and that where an employer refines gasoline and also operates filling stations, the employees used in operating the filling stations are under the act. It seems to us the present appellant's reasoning is the reverse of what was there held. There the employer was undoubtedly within the terms of the act and sought to avoid liability on the ground that part of its activities was not specifically named as being hazardous, while here, because some duties are hazardous, it is claimed the entire business is within the purview of the act.

In *Wetlaufer v. Howse*, 146 Kan. 500, 71 P. 2d 879, it was held that the employer was within the term "motor transportation line." There seems to have been little or no dispute on that point; the term is not defined and the case is not helpful here. The principal ques-

tion there was whether the claimant was in fact an employee under the circumstances of that case.

Appellant also directs our attention to our statutes pertaining to the sale of motor vehicle fuels and the regulation of motor carriers. We need not discuss them. There is no evidence that respondent did not comply fully with any statute that affected him. Such definitions as are included there are for the purposes of those acts and have no reference to the workmen's compensation act.

There can be no doubt the rule is that the workmen's compensation act is to be so interpreted that its purposes may be fully accomplished. But its terms and the employments to be included were the problem of the legislature. That the court might believe a certain employment was hazardous, or that it ought to be included, is not sufficient. In many types of business, explosives and inflammable materials are sold, but that alone does not bring an employer of five or more persons within the act. Unless the employment is fairly within the terms of the act, the employer has no liability under it. The statute is devoid of any language which may be said to make mere transportation of an employer's own merchandise to his customers, whether by motor truck or otherwise, a hazardous employment. If it should be so held, every employer of five or more persons who used a motor-driven vehicle of any kind, truck, automobile, motorcycle, or motor-driven scooter, for the purpose of delivering his goods to his customers, would be within the terms of the act. This would subject to the act many owners of general stores, grocery stores and other types of business not generally considered as being under the act. The whole content of the act shows that was not intended by the legislature. It may be conceded that one person or corporation can be engaged in two businesses, one of which is within the act, and the other of which is not, but they would have to be clearly separable.

For an employer to be engaged in business as a "motor transportation line" it would seem that he must do more than deliver his own goods to his customers. We shall not attempt here to define the phrase nor to supply illustrations of its application. We are satisfied that it was not intended by the legislature that an employer of five persons, otherwise without the act, should be brought within its provisions merely because he made delivery of his own wares to his customers by motor vehicle.

The judgment of the district court that the respondent was not engaged in a hazardous employment under the terms of the workmen's compensation act was correct, and it is affirmed.