

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

February 13, 1968

Honorable Clay Cotten
Commissioner of Insurance
State Board of Insurance
1110 San Jacinto
Austin, Texas 78701

Opinion No. M- 201

Re: Whether the State Insurance Commissioner has authority to approve an amendment to an insurance company's charter which has the effect of transforming the company into a commercial corporation required by law to be chartered by the Secretary of State.

Dear Mr. Cotten:

You request the opinion of this office as to whether a domestic insurance company may, by amending and restating its articles of incorporation, convert the corporation from an insurance company under your jurisdiction to a general business corporation required by law to be chartered by the Secretary of State. Your letter reads, in part, as follows:

"A domestic property-casualty insurer proposes to discontinue the writing of insurance and to reinsure all of its outstanding business in another licensed company.

"Because of certain tax consequences and expenses incident to registration of securities, the officers and directors of the domestic insurance corporation desire to transform it into a corporation with holding company powers, thus achieving the same ultimate effect as if they had dissolved the corporation after disposing of all of its insurance business and had then organized a new corporation. The insurer does not propose to acquire charter powers to engage in

the insurance business and the holding company
business at the same time. It proposes to
effect a charter amendment so that all insurance
powers are relinquished at the same time the hold-
ing company powers are acquired . . . I am not
aware of any statute which gives me authority, as
Insurance Commissioner, to approve an amendment
to an insurance company's charter which transforms
it into a commercial corporation which, under the
law, would be chartered by the Secretary of State."

Neither the Commissioner of Insurance nor the Secretary
of State may file or approve amendments or restated articles of
incorporation unless specifically authorized to do so by statute.
Such regulatory officers or bodies may exercise only such
authority as is conferred by law in clear and unmistakable
terms, and such authority will not be construed as being con-
ferred by implication. Key Western Life Insurance Co. v. State
Board of Insurance, 163 Tex. 11, 350 S.W.2d 839 (1961).

Article 1.09 of the Insurance Code charges the Commissioner
"with the primary responsibility of administering, enforcing,
and carrying out the provisions of the Insurance Code." In
so doing, the Commissioner must be guided by Article 2.18 of
the Insurance Code, which provides that,

"The laws governing corporations in general
shall apply to and govern insurance companies in-
corporated in this State insofar as the same are
not inconsistent with any provision of this Code . . ."
(Emphasis added.)

The Commissioner has utilized Article 2.18 to supplement
Article 2.03 of the Insurance Code (amendment to insurance
charters) by requiring general casualty companies to conform
to the requirements of the Texas Business Corporation Act listed
in Articles 2.25 (Notice of Shareholder's Meetings), Article
4.02A (1 and 2) (Procedure to Amend Articles of Incorporation)
and Article 4.04A (Articles of Amendment). However, these three
Articles of the Texas Business Corporation Act do not impose
any duties on the Secretary of State.

There is an implied qualification that the power of
amendment granted by Article 2.03 of the Insurance Code shall
be used in furtherance of the objects for which the corporation
was formed. Therefore, in interpreting a "diminution of the

company's charter powers with respect to the kinds of insurance business in which it may engage", the word "diminution" must mean a lessening, decreasing, or reduction, which by definition implies a residue.

That the Insurance Code requires a residual insurance purpose after amendment is further supported by Article 21.45 of the Insurance Code requiring minimum insurance to be maintained "at all times." (Emphasis added.)  Since under Article 2.18, the laws governing corporations in general are applicable only where not inconsistent with the Insurance Code, the Commissioner may not approve an amendment which would totally eliminate the purpose of insurance.  Such action would be inconsistent with the purpose of the Code.

The Commissioner is without statutory authority to employ Article 2.18 of the Insurance Code to require compliance with any provision of the Texas Business Corporation Act, which requires filing by or approval of the Secretary of State, where that power does not already exist independent of the Commissioner's administrative action.

Article 9.03 of the Texas Business Corporation Act grants the Secretary of State "the power and authority reasonably necessary to enable him to administer this Act efficiently and perform the duties therein imposed upon him."  This power of the Secretary is specifically limited by Article 9.14A, Texas Business Corporation Act, by the provision that:

> "This Act does not apply to domestic corporations organized for the purpose of operating . . . insurance companies of every type or character that operate under insurance laws of this State . . ." (Emphasis added.)

Because the domestic property-casualty insurer proposing to convert to a holding company was organized for the purpose of operating an insurance company, the Secretary of State is prohibited from accepting its restated articles as an amendment.

Article 2.01(B) of the Texas Business Corporation Act states, in part, that: "No corporation may adopt this Act or be organized under this Act or obtain authority to transact business in this State under this Act" if it is among an enumeration of certain types of corporations for profit.  Included are "insurance companies of every type and character that operate under the insurance laws of this State." (Emphasis added.)

That the domestic property-casualty insurer proposing to convert to a holding company is not a corporation subject to the jurisdiction of the Secretary of State is shown by the repeated references in Article 4.07 (Restated Articles of Incorporation) to "articles of incorporation as amended or supplemented by all certificates of amendment <u>previously issued by the Secretary of State</u>."  (Emphasis added.)

In the absence of specific statutory authority, it is our opinion that an insurance company can not effectuate a substantial change in the fundamental character and purpose of the corporation.

The laws governing corporations in general may be used by the Commissioner only in carrying out his statutory "responsibility of administering, enforcing and carrying out the provisions of the Insurance Code."  Since the effect of your approving an amendment and restatement of articles of incorporation would be to convert a company to a non-insurance purpose, and to impose upon the Secretary of State an extra-statutory filing requirement, which he would not have under his own statutory authority, it is our opinion that you have no authority to approve the proposed amendment.

## S U M M A R Y

The State Insurance Commissioner does not have authority to approve an amendment to an insurance company's charter, which has the effect of transforming the company into a commercial corporation required, by law to be chartered by the Secretary of State.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Charles T. Rose
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
W. V. Geppert
Ralph Rash
John Grace
Harold Kennedy

A. J. Carubbi, Jr.
Executive Assistant